IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA A. KENNICOTT, LISA A.
GARCIA, and SUE C. PHELPS, on behalf
of themselves and a class of those similarly
situated,

        Plaintiffs,

v.                                            Case 1:17-cv-00188 JB/GJF

SANDIA CORPORATION d/b/a SANDIA
NATIONAL LABORATORIES,

        Defendant.

## DEFENDANT'S MOTION TO DISMISS STATE LAW CLAIMS

Defendant Sandia Corporation ("Sandia") moves to dismiss Plaintiffs' state law claims based on the federal enclave doctrine. The alleged behavior that Plaintiffs contend was discriminatory and retaliatory took place at Sandia National Laboratories which is located on Kirtland Air Force Base, a federal enclave. Therefore, the state law claims fail as a matter of law.

Sandia made a good-faith request for concurrence with this motion, *see* D.N.M.LR-Civ. 7.1(a), but Plaintiffs oppose it.

## INTRODUCTION

Plaintiffs filed state and federal claims against Sandia alleging discrimination and retaliation. Plaintiffs' state law claims are being pursued under the New Mexico Human Rights Act (NMHRA) and the New Mexico Fair Pay for Women Act (NMFPWA). (Compl.

¶ 1.) Sandia Corporation, doing business as Sandia National Laboratories, is located on Kirtland Air Force Base in Albuquerque New Mexico. (Compl. ¶ 8.) Throughout their employment with Sandia, Plaintiffs have worked on Kirtland Airforce Base. (*Id.* ¶¶ 5-7.) Kirtland Airforce Base is a federal enclave. *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1236 (10th Cir. 2012).

As this Court has previously recognized, the federal enclave doctrine precludes state law claims against Sandia National Laboratories because it is located on a federal enclave. *See Benavidez v. Sandia National Laboratories et.al.*, No. 15-00922 JB/LF, Am. Mem. Op. & Order (D.N.M. June 27, 2016) [Doc. No. 64], at 90-94. In *Benavidez*, this Court dismissed the plaintiff's discrimination and other claims under state law. *Id.* Dismissal of state law claims is also appropriate in this action as set forth below.

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (Brorby, J.). The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (Briscoe, J.) ("[F]or purposes of resolving a Rule 12(b)(6) motion,

we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.") (*citing Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (McKay, J.)).

## THE FEDERAL ENCLAVE DOCTRINE

Under a body of constitutional law applicable to federal enclaves, state law that is adopted after the creation of the enclave generally does not apply on the enclave. *Allison*, 689 F.3d 1234 at 1235. The central principle of the federal enclave doctrine is that Congress has exclusive authority over these enclaves. *Id*. The United States Court of Appeals for the Tenth Circuit has explained:

> But in the absence of applicable federal legislation displacing state law, those state laws that existed at the time that the enclave was ceded to the federal government remain in force. "Since a State may not legislate with respect to a federal enclave unless it reserved the right to do so when it gave its consent to the purchase by the United States, only state law existing at the time of the acquisition remains enforceable, not subsequent laws." *Paul* [*v. U.S.*], 371 U.S. [245,] 268 [(1953)]. Thus, the federal government acquires property subject to state law. The Constitution does not command that every vestige of the laws of the former sovereignty must vanish. On the contrary its language has long been interpreted so as to permit the continuance until abrogated of those rules existing at the time of the surrender of sovereignty which govern the rights of the occupants of the territory transferred. This assures that no area however small will be left without a developed legal system for private rights. *James Stewart, 309 U.S. at 100.*

*Id.* at 1237.

Both this Court and the Tenth Circuit have confirmed that Kirtland Air Force Base is a federal enclave subject to exclusive federal jurisdiction. "Kirtland Air Force Base is a federal enclave: it is located on land that New Mexico ceded to the federal government in 1952 and 1954. Since that time the federal government has exercised exclusive jurisdiction within the boundaries of the Base." *Allison*, 689 F.3d at 1236. Accordingly, this Court recognized in

*Benavidez* that Kirtland Air Force Base is a federal enclave that was established in 1954. *See Benavidez* No. 15-00922 JB/LF, Am. Mem. Op. & Order, (D.N.M. June 27, 2016), at 92. As explained below, Plaintiffs' discrimination and retaliation claims were not available in New Mexico before 1954.

Plaintiffs assert claims for: (1) discrimination on the basis of sex[1] in violation of the NMHRA, (*see* Compl. ¶¶ 91-98, at 20-21 (Count III)); (2) disparate impact discrimination on the basis of sex in violation of the NMHRA, (*see* Compl. ¶¶ 99-105 at 21-22 (Count IV)); and (3) sex discrimination under the NMFPWA, (*see* Compl. ¶¶ 106-112, at 22-23 (Count V)). Plaintiff Kennicott also asserts a claim of retaliation under the NMHRA. (*See* Compl. ¶¶ 118-122, at 23-24 (Count VII)).

The New Mexico Legislature enacted the NMHRA in 1969. *See* N.M. Stat. Ann. §§ 28–1-1 to -14; *Benavidez,* No. 15-00922 JB/LF, Am. Mem. Op. & Order, (D.N.M. June 27, 2016), at 94 ("The NMHRA, which the New Mexico Legislature enacted in 1969, however, did not exist in 1954"). The New Mexico Legislature enacted the Fair Pay for Women Act in 2013. *See* N.M. Stat. Ann. §§ 28-23-1 to 6. Thus, neither of these statutes existed in 1954. Accordingly, here, as in *Benavidez*, the federal enclave doctrine bars Plaintiffs' discrimination and retaliation claims brought pursuant to the NMHRA and Plaintiffs' discrimination claim under the NMFPWA. Because the federal enclave doctrine bars Plaintiffs' state law claims, the Court should dismiss them. *See Benavidez,* No. 15-00922 JB/LF, Am. Mem. Op. & Order, (D.N.M. June 27, 2016) (granting motion to dismiss NMHRA and tort claims).

---

[1] The Complaint alleges discrimination based on "gender." (*See, e.g.,* Compl. ¶ 94.) Both the NMHRA and the NMFPWA use the term "sex."

- 5 -

## CONCLUSION

All of Plaintiffs' state law claims are barred by the federal enclave doctrine. Accordingly, the Court should dismiss those claims with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

| RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A. | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| By  /s/ Jeffrey L. Lowry<br>    Scott D. Gordon<br>    Theresa W. Parrish<br>    Jeffrey L. Lowry<br>    Stephanie L. Latimer<br>Post Office Box 1888<br>Albuquerque, New Mexico  87103<br>Telephone:  (505) 765-5900<br>Facsimile:  (505) 768-7395<br>sgordon@rodey.com / tparrish@rodey.com<br>jlowry@rodey.com / slatimer@rodey.com<br><br>*Attorneys for Defendant Sandia Corporation* | By  *Approved Electronically*<br>    Grace E. Speights<br>    Michael S. Burkhardt<br>    Krissy A. Katzenstein<br>1111 Pennsylvania Avenue, NW<br>Washington, DC  20004-2541<br>Telephone:  (202) 739-3000<br>Facsimile:  (202) 739-3001<br>grace.speights@morganlewis.com<br>michael.burkhardt@morganlewis.com<br>krissy.katzenstein@morganlewis.com<br><br>*Attorneys for Defendant Sandia Corporation* |

- 6 -

CERTIFICATE OF SERVICE

  I hereby certify that on the 17th day of March, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means:

| | |
|---|---|
| Kelly M. Dermody<br>kdermody@lchb.com | Adam T. Klein<br>atk@outtengolden.com |
| Lin Y. Chan<br>lchan@lchb.com | Elizabeth V. Stork<br>estork@outtengolden.com |
| Anne B. Shaver<br>ashaver@lchb.com | David Lopez<br>pdl@outtengolden.com |
| Michael Levin-Gesundheit<br>mlevin@lchb.com | |

        RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

        By */s/ Jeffrey L. Lowry*
          Jeffrey L. Lowry