IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA A. KENNICOTT, LISA A. GARCIA,
and SUE C. PHELPS, on behalf of themselves
and a class of those similarly situated,

                Plaintiffs,

v.                                        Case No. 1:17-cv-00188-JB-GJF

SANDIA CORPORATION d/b/a SANDIA
NATIONAL LABORATORIES,

                Defendant.

## REPLY IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS STATE LAW CLAIMS

**I.    Introduction.**

Defendant Sandia Corporation ("Sandia") moved to dismiss Plaintiffs' state law claims because the actions that Plaintiffs contend are at issue in this case took place on a federal enclave: Kirtland Air Force Base. (Def.'s Mot. to Dismiss State Law Claims [Doc. No. 14] ("Def.'s Mot.").) As with all motions to dismiss under Rule 12 of the Federal Rules of Civil Procedure, the factual bases of Sandia's motion were "the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Instead of accepting or even acknowledging the key jurisdictional allegations in their own complaint, Plaintiffs, in an attempt to avoid dismissal of their state law claims, now ask the Court to assume new factual allegations – allegations that are not merely outside the four corners of the complaint but actually inconsistent with it. As explained below, the Court should not allow Plaintiffs to substitute new and inconsistent allegations for what they alleged in the

complaint that is on file with the Court.[1] Based on the allegations that Plaintiffs have pled, the state law claims must be dismissed, consistent with the rulings in *Benavidez v. Sandia National Laboratories,* No. 15-00922 JB/LF, Am. Mem. Op. & Order, (D.N.M. June 27, 2016), and *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1236 (10th Cir. 2012).

II.  **Plaintiffs' allegations establish that the federal enclave doctrine applies to bar Plaintiffs' state law claims.**

According to Plaintiffs, "[t]his case challenges Sandia's policies and practices with respect to performance evaluations, pay, promotions, and other terms and conditions of employment." (Pl.'s Resp. at 2.) Plaintiffs' complaint alleges that Sandia's policies regarding "employment, compensation, performance review, and promotion . . . originate in Sandia headquarters in the State of New Mexico." (Compl. ¶ 20.) Plaintiffs also allege that "Sandia's headquarters" is where Sandia "maintains control, oversight, and direction over the operation of its facilities, *including its employment practices.*" (*Id.* ¶ 9 (emphasis added).) Finally, Plaintiffs also describe where Sandia's "headquarters" is located: "Kirtland Air Force Base, Albuquerque, New Mexico." (*Id.* ¶ 8.)

As Plaintiffs' response to the motion to dismiss notes, "[f]or federal enclave jurisdiction to apply, in employment discrimination cases, the adverse decision must have been made on federal territory, because the locus of decision-making is where such a tort arises." (Pls.' Resp. at 5 (quoting *Camargo v. Gino Morena Enters., L.L.C.*, 2010 WL 3516186, at * 2 (W.D. Tex., Sept. 2, 2010). Given how Plaintiffs have framed this lawsuit ("[t]his case challenges Sandia's

---

[1] Plaintiffs also request that the Court, in the alternative, defer ruling on Sandia's motion to allow Plaintiffs "to conduct jurisdictional discovery to demonstrate that the federal enclave doctrine does not apply." (Pl.'s Opp. to Mot. to Dismiss State Law Claims and Mot. to Conduct Jurisdictional Discovery [Doc. No. 18] ("Pl.'s Resp.") at 2.) To ensure that the timing, surreply, and notice of completion provisions of D.N.M.LR-Civ. 7.4 are followed, Sandia is filing a separate response to the "Motion to Conduct Jurisdictional Discovery."

policies and practices with respect to performance evaluations, pay, promotions"), the question for the resolution of the instant motion is where Plaintiffs contend that the challenged policies and practices were originated, controlled, and overseen. The answer is clear: Plaintiffs allege that the policies at issue in this case originated on and were overseen and controlled from Sandia's corporate headquarters on Kirtland Air Force Base. (Compl. ¶¶ 8, 9, 20.) Plaintiffs do not dispute that Kirtland Air Force Base is a federal enclave, a conclusion affirmed not only by the Tenth Circuit, *Allison*, 689 F.3d at 1236 ("Kirtland Air Force Base is a federal enclave"), but also by this Court as recently as 2016 in a case involving Sandia, *Benavidez v. Sandia National Laboratories,* No. 15-00922 JB/LF, Am. Mem. Op. & Order, (D.N.M. June 27, 2016). Plaintiffs also do not dispute that the particular state law claims they plead "should be dismissed" if the federal enclave doctrine applies. (*See* Pls.' Resp. at 1.)

Instead, Plaintiffs attempt to avoid dismissal by disavowing their own allegations in the complaint by arguing the "policies and practices at the heart of this class action appear to have been created and/or monitored *off federal land*." (Pl.'s Resp. at 2 (emphasis added).) These are new allegations that are wholly inconsistent with the allegations in the four corners of the complaint and should not be considered when ruling on Sandia's motion to dismiss. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

Contrary to authority like *Mobley* that grounds the analysis of Rule 12 motions on the allegations of the complaint, Plaintiffs do not cite or accept their own allegations when arguing that the federal enclave doctrine does not apply. Instead, Plaintiffs present extrinsic evidence in the form of a declaration of Plaintiffs' counsel and selected print-outs from Sandia's web site to argue that Plaintiffs "have reason to believe that Sandia substantially performs its common human resources functions at the Innovation Parkway Office Center, where it houses its

Human Resources Department, *off* the Kirtland Air Force Base." (Pls.' Resp. at 6 (emphasis added); *see also* Exs. A-D to Pls.' Resp.) Plaintiffs, then, are asking the Court to disregard the allegations in their own complaint – which specifically state that "Sandia headquarters" *on* Kirtland Air Force Base was where the relevant actions took place, (Compl. ¶¶ 8-9; 20) – and accept as true new and contradictory allegations not found in the complaint that the actions took place "*off* the Kirtland Air Force Base" (Pls.' Resp. at 6.).[2] That is not acceptable under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs allege that the relevant decisions occurred on a federal enclave, and, therefore, their state law claims accordingly should be dismissed. *See Benavidez v. Sandia National Laboratories,* No. 15-00922 JB/LF, Am. Mem. Op. & Order, (D.N.M. June 27, 2016).

It is important to recognize that the Court is not faced with an amended complaint that contradicts an earlier complaint. Courts have been troubled by such inconsistent pleadings and often disregard facts that "blatantly" contradict earlier allegations, especially when the intent seems to be to avoid a dispositive defense. *See, e.g., Palm Beach Strategic Income, LP v. Salzman*, No. 10-CV-261, 2011 WL 1655575, at *6-7 (E.D.N.Y. May 2, 2011) *aff'd,* 457 F. App'x 40 (2d Cir. 2012) (disregarding facts alleged in an amended complaint that "blatantly" contradicted facts alleged in earlier pleadings); *Colliton v. Cravath, Swaine & Moore LLP,* No. 08-CV-0400, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008) (disregarding facts alleged in an amended pleading that were "a transparent attempt by plaintiff to amend his

---

[2] Although not necessary for the resolution of the instant motion to dismiss, Sandia notes that the named Plaintiffs' individual allegations do not relate to where the alleged policies Plaintiffs challenge originated or were controlled or overseen. Rather, their individual claims center on how those alleged policies were implemented by their managers on Kirtland Air Force Base. Sandia also disputes that it substantially performs human resources functions off base at the Innovation Parkway Office Center ("IPOC") and disputes that it houses a Human Resources Department at IPOC. Sandia also categorically denies that there are any common policies or practices that can support Plaintiffs' class allegations.

pleading in order to avoid a dispositive defense"); and *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1325-26 (Fed. Cir. 1998) (district court "was not required to accept as true inconsistent allegations in the second amended complaint"). At this stage, however, the only question is whether Plaintiffs' state law claims are barred by the federal enclave doctrine based on the allegations in the one and only complaint that has been filed in this lawsuit.

## III. Conclusion

Plaintiffs alleged that the relevant decisions at issue in this lawsuit were made, controlled, and overseen at "Sandia's headquarters" on Kirtland Air Force Base. That is a federal enclave, and Plaintiffs' state law claims accordingly must be dismissed. Sandia respectfully requests that the Court dismiss Plaintiffs' state law claims in their entirety.

Respectfully submitted,

| RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A. | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| By  /s/ Jeffrey L. Lowry  | By  *Approved Electronically*  |
|    Scott D. Gordon |    Grace E. Speights |
|    Theresa W. Parrish |    Michael S. Burkhardt |
|    Jeffrey L. Lowry |    Krissy A. Katzenstein |
|    Stephanie L. Latimer | 1111 Pennsylvania Avenue, NW |
| Post Office Box 1888 | Washington, DC 20004-2541 |
| Albuquerque, New Mexico 87103 | Telephone: (202) 739-3000 |
| Telephone: (505) 765-5900 | Facsimile: (202) 739-3001 |
| Facsimile: (505) 768-7395 | grace.speights@morganlewis.com |
| sgordon@rodey.com / tparrish@rodey.com | michael.burkhardt@morganlewis.com |
| jlowry@rodey.com / slatimer@rodey.com | krissy.katzenstein@morganlewis.com |
| *Attorneys for Defendant Sandia Corporation* | *Attorneys for Defendant Sandia Corporation* |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of April, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By___*/s/ Jeffrey L. Lowry*_____
Jeffrey L. Lowry