1          IN THE UNITED STATES DISTRICT COURT

2            FOR THE DISTRICT OF NEW MEXICO

3

4   LISA A. KENNICOTT, et al.,

5        Plaintiffs,

6        VS.                        NO. CV 17-0188 JB

7   SANDIA CORPORATION d/b/a SANDIA NATIONAL
    LABORATORIES,
8
         Defendant.
9

10

11
         Transcript of Telephonic Hearing Proceedings
12  before The Honorable James O. Browning, United States
    District Judge, Albuquerque, Bernalillo County,
13  New Mexico, commencing on June 12, 2017.

14
    Via phone for the Plaintiffs:  Ms. Kelly Dermody; Mr.
15  David Lopez; Ms. Lin Yee Chan

16
    Via phone for the Defendant:  Mr. Scott Gordon; Mr.
17  Jeffrey Lowry; Ms. Grace Speights; Ms. Cindy Lovato
    Farmer
18

19

20

21

22          Jennifer Bean, FAPR, RDR, RMR, CCR
              United States Court Reporter
23            Certified Realtime Reporter
                333 Lomas, Northwest
24            Albuquerque, NM  87102
                Phone:  (505) 348-2283
25              Fax:  (505) 843-9492

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          THE COURT:  Okay.  First of all, good

2    afternoon to everyone.  I appreciate everyone letting

3    me appear by telephone from the Dallas area.  My

4    middle son came out after he finished his teaching on

5    the east coast, and he's been spending a couple of

6    weeks with us in the Albuquerque and Dallas area, and

7    he's going to fly out of Dallas on Wednesday.  So if

8    Ms. Wild lets me, I may hang around here to

9    Wednesday.  I may have to come back tomorrow for a

10   Daubert hearing on Wednesday.  So we'll see how it

11   goes.  But again, I appreciate everybody's courtesy

12   in letting me do this hearing and scheduling

13   conference by phone.

14          All right.  The court will call Lisa A.

15   Kennicott, et al., versus Sandia Corporation, case

16   number 17-CV-0188 JB.

17          If counsel will enter their appearances for

18   the plaintiffs.

19          MS. DERMODY:  Yes, Your Honor.  Good

20   afternoon.  This is Kelly Dermody for the plaintiffs.

21          THE COURT:  Ms. Dermody, good afternoon to

22   you.  Who else is for the plaintiffs?

23          MR. LOPEZ:  David Lopez.

24          THE COURT:  All right.  Mr. Lopez, good

25   afternoon to you.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          Ms. Chan, were you on the phone as well?

2          MS. CHAN:  Yes, Your Honor, this is Lin

3  Chan from Lieff Cabraser for the plaintiffs.

4          THE COURT:  All right.  Ms. Chan, good

5  afternoon to you.

6          All right.  And for the defendants?  Mr.

7  Gordon, are you the phone?

8          MR. GORDON:  Yes, sir.  Good afternoon,

9  Judge.  Scott Gordon and Jeff Lowry of the Rodey Law

10  Firm for Defendant Sandia.

11         THE COURT:  All right.  Mr. Gordon, Mr.

12  Lowry, good afternoon to you.

13         And from Morgan Lewis?

14         MS. SPEIGHTS:  Good afternoon, Your Honor.

15  This is Grace Speights at Morgan Lewis.

16         THE COURT:  Ms. Speights, good afternoon to

17  you.

18         And Ms. Farmer, were you on the phone?

19         MS. LOVATO FARMER:  Yes, Your Honor, Cindy

20  Lovato Farmer with Sandia National Laboratories.

21  Good afternoon.

22         THE COURT:  Ms. Farmer, good afternoon to

23  you.

24         Anyone else that's making an appearance

25  this afternoon?

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1           All right.  I have reviewed the joint
2    status report -- and there was one disclosure I want
3    to make.  I don't think it should disqualify me, but
4    I do want to make a disclosure because it's hard for
5    me to tell from the list of witnesses.  I think
6    Sandia listed an individual named Sean Kerr, K-E-R-R.
7    I think I know Sean.  I don't know for certain he
8    works at Sandia Labs.  But it probably is the same
9    person, and I may have been told in the past that he
10   works for Sandia.  Sean, for many years, went to
11   church with me at Montgomery Church of Christ over on
12   Montgomery.  He does not go there anymore to the best
13   of my knowledge.  He hasn't gone in probably five or
14   six years.  I'm sort of guessing at this.  I'm going
15   to put a burden here on Mr. Gordon in a moment to
16   maybe call Mr. Kerr and get some information, and
17   make sure it's the same person, and then communicate
18   that information to the plaintiffs.  I see Sean
19   around.  I see his family around.  I think he has an
20   older son that may be at college by now.  I think --
21   a few years ago I went on the board a few years ago
22   of Lubbock Christian University.  I have a vague
23   recollection that he and his family had some
24   connection there, and may have come to my house for a
25   reception a few years ago.  I am no longer on the

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   board of that school.  So other than just seeing him

2   around, maybe seeing him at area-wide church events

3   with other churches and things, or seeing him in

4   shopping locations -- I don't think I've ever been in

5   his home; he might have been in mine.  And we'll let

6   Mr. Gordon determine that.  I don't think that I have

7   an association with him that would keep me from being

8   fair and impartial to the parties here.  But if

9   anybody has any questions, don't hesitate to ask, or

10  any concerns, don't hesitate to ask.  But I'll wait

11  and let Mr. Gordon contact Mr. Kerr, and see if I've

12  got the right individual, and provide any further

13  information from Mr. Kerr to the plaintiffs.  And if

14  anybody has any concern, don't hesitate to have them

15  call my courtroom deputy.  I'll instruct my courtroom

16  deputy not to tell me who called.  And we'll get back

17  on the phone and have a telephone conference if

18  anybody has any concerns or questions.

19          Let me put aside the joint status report,

20  and let's deal first with the two motions that we

21  have here:  The motion to dismiss the state law

22  claims, and then the plaintiffs' motion for -- to

23  conduct some jurisdictional discovery.

24          Here is what I propose on this:  It sure

25  seems to me -- interestingly enough, I spent the

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    weekend working on the Benavidez case.  If anybody

2    has been following that with some care, you can see

3    that I have a motion to reconsider in that case.  So

4    it's very much on my mind this weekend.  In fact, I

5    emailed a large number of pages to my law clerk

6    throughout the morning as I worked on that opinion.

7    So what I did in Benavidez is very much on my mind.

8           In reading everything, it seems to me that,

9    very likely, these state law claims are going to be

10   barred.  I don't make any determination on that, but

11   it seems to me they're going to be barred.  And I

12   would be inclined to grant this motion to dismiss.

13          As far as discovery, we're about to go into

14   discovery.  I am trying to figure out a little bit

15   what the parties are proposing.  It looks like y'all

16   wanted some bifurcated discovery.  It would seem to

17   me that we ought to allow, probably, some discovery

18   on jurisdictional issues as we get started with

19   discovery.

20          It seems to me that probably we're focusing

21   at the present time on Kennicott, Garcia, and Phelps.

22   It would seem to me that, probably, they know as much

23   about their employment situation as maybe even Sandia

24   does.  And chances are, if anything had really

25   bubbled up, there would be an affidavit from them.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1    But chances are they're a mainstream employee out at

2    the main facility out on Kirtland Air Force Base, and

3    they probably are not going to have any state claims,

4    and probably shouldn't be representing anybody that

5    has state claims if they don't have state claims.

6            So for the present time, I'd be inclined to

7    strip these out.  If the plaintiffs stumble into some

8    discovery or things that need to bring these claims

9    back in, they can move the Court to bring them back

10   in.

11           I am getting ready for a fairly large

12   hearing up in Tulsa, Oklahoma.  All the judges have

13   recused themselves on a large, rather complex

14   commercial case up there, and I'm going to have to

15   head up to Tulsa pretty quick.  I will probably not

16   get to turn back to putting the opinion and order

17   together on these two motions until I get back in

18   early July.  So that gives a little bit of time to

19   get some discovery going.  If something pops up, then

20   we can think about adding these claims back in.  I

21   think we're at such an early point.  But I think,

22   realistically, these claims are not likely to be

23   hanging around this case.

24           So those are my thoughts on these two

25   motions, because they're interrelated.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    But, Mr. Gordon, Ms. Speights, one of you

2  going to argue this motion to dismiss?

3    MR. GORDON:  That would be me, Judge.

4    THE COURT:  Mr. Gordon.

5    MR. GORDON:  Yes, sir.  This is Scott

6  Gordon.

7    And that plan makes sense to us.  I won't

8  belabor the point by arguing what's already in our

9  briefs.  We don't really have any intention of trying

10  to stop the plaintiffs from taking discovery on where

11  these human resources decisions were made, where the

12  policies originated.  They can ask those questions.

13  I think we know what they'll find.

14    But, down the road, if they think they have

15  enough information to make a good faith allegation

16  that something happened outside the fence of the

17  federal enclave, why, then they can show it to us,

18  and we'll talk to them about whether we oppose a

19  motion to amend or not.

20    But at this point, it makes more sense to

21  us to dismiss the state law claims; let them ask

22  whatever questions they want about jurisdictional

23  issues in the meantime, and then just see where it

24  takes us.

25    So, unless the Court has any specific

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492




PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1     questions about any of the arguments that I made,

2     I'll just leave it at that.

3             THE COURT:  All right.  Thank you,

4     Mr. Gordon.

5             Ms. Dermody, are you going to take the lead

6     on this?

7             MS. DERMODY:  Yes, Your Honor.  Thank you.

8             THE COURT:  Ms. Dermody.

9             MS. DERMODY:  Yes, this is Kelly Dermody.

10            The plan that you have laid out makes a lot

11    of sense.  You know, we want to discover these facts.

12    And whatever process we get to discover them, we can

13    then present them to the Court.  I think that that's

14    a fair proposal.

15            The only concern that we might have, Your

16    Honor, is that if you were to dismiss the state

17    claims, and then, downstream reinstate them, there

18    might be some question as to when the state class

19    period starts.  And we -- if the state class period

20    would only start at the time that the claims were

21    added to the amended complaint, obviously, we would

22    be very concerned about the prejudice to the class.

23           So, if the Court is inclined to do that,

24    then we want to have our argument now, and preserve

25    those state claims, so we don't come down to that

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  issue downstream.

2         THE COURT:  Well, here's what I propose

3  is -- I'm not purposely sitting on this order, but

4  I'm not going to enter an order immediately.  I'm

5  going to tell you I'm inclined to dismiss these

6  claims.  I've just got to turn to this Tulsa case in

7  a robust way.

8         And so, you know, you get your discovery

9  started.  If you see anything, send it in to me.  I

10  mean, I think the jurisdictional issue turns this,

11  basically, into 12(b)(1), so I can consider materials

12  outside of the complaint.

13         So if I see something that gives me pause,

14  I'll pause.  If I don't see anything that gives me

15  pause, I'll certainly look at the material,

16  acknowledge it.  And then at some point -- but it's

17  not going to be this month, it's probably going to be

18  next month at the earliest -- I'm going to start

19  putting together some opinion and order on this.

20         Does that give you some guidance?

21         MS. DERMODY:  It does, Your Honor.  Thank

22  you very much.

23         The only other thing I might add to our

24  position on this is, for purposes of discovery, just

25  so we aren't misunderstood by opposing counsel, I




SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  think our view, and it might be different from

2  theirs, is that under the Camargo case, the location

3  of the work site is not dispositive of this question.

4  And because we are challenging company-wide policy

5  for the purpose of a class challenge, we obviously

6  are going to be focused, for jurisdictional purposes,

7  on where those policies were developed, implemented,

8  monitored, et cetera, as opposed to the ultimate

9  impact of those policies someplace out in the

10  workforce.

11         Just to make sure we're putting all our

12  cards on the table, that would be the direction of

13  our jurisdictional discovery.  And we hope that

14  that's consistent with Your Honor's guidance.

15         THE COURT:  Well, I'll tell Mr. Gordon

16  this, without ruling definitively, we know that

17  this -- you know, it's probably going to be something

18  that it's easier and better for me to make it a

19  concrete situation.  But I tend to be fairly liberal

20  on this.  And I'll signal to Mr. Gordon that if he

21  wants to cut you back and limit your discovery, I'm

22  not telling him that he can't.  I'll tell you how I'm

23  going to handle discovery in these matters in a

24  moment when we get ready for the initial scheduling

25  conference on this.  But I'm not going to tell

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX 505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  Mr. Gordon that he can't object.  But I am going to

2  signal to him that I'm pretty liberal on this issue,

3  and encourage him to sort of think of and be liberal

4  in the discovery as well.  I would be inclined to be

5  fairly liberal on what I'll call jurisdictional

6  discovery, without precluding anybody's position at

7  this point.  Just signal that I'm probably going to

8  allow fairly liberal discovery in this area.

9            MR. GORDON:  I understand, Judge.

10            MS. DERMODY:  Thank you, Your Honor.

11            THE COURT:  Anything else on that, Ms.

12  Dermody?

13            MS. DERMODY:  No, Your Honor.  This is very

14  helpful, and we appreciate the guidance on this.

15            THE COURT:  How about you, Mr. Gordon?  Do

16  you have anything else you wanted to say on this

17  issue?

18            MR. GORDON:  No, sir.  The plan makes

19  sense.

20            THE COURT:  All right.  So I will at some

21  point get an opinion and order together on these two

22  motions.  I think we know where we're going.  And if

23  there is any issues, we'll talk about how to resolve

24  those, how I go about making myself available here in

25  a moment.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1      I have reviewed, as I've indicated, the two

2   motions.  I also have reviewed your joint status

3   report and provisional discovery plan.  And because

4   this case has been a bit in the news out here, I know

5   a little bit more about this case than I do about

6   other cases.  But is there anything else you'd like

7   to tell the Court about the case that might impact

8   scheduling or how we're going to handle matters, Ms.

9   Dermody?

10      MS. DERMODY:  Sure, Your Honor.

11      So I don't at all -- presume Your Honor is

12  very familiar with these types of cases, so I don't

13  want to sound like I'm giving Your Honor feedback you

14  don't already have.

15      I will say, just speaking personally about

16  what's been happening in similar cases over the last

17  couple of years, that we have had -- both sides -- a

18  long period of time to get right the data collection

19  in these cases, which seems to be the essential piece

20  of evidence.  So often, notwithstanding the best

21  efforts of both sides, getting data that is clean,

22  reliable, and the right fields, getting our experts

23  able to look at that data, to tell Your Honor what

24  they're seeing takes longer than anyone would like to

25  have happen.  It seems the other things in the case



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    often go a lot faster.  But that gets bogged down.

2    So all I will say is we tried to propose a schedule

3    which was extremely ambitious, relative to what's

4    been happening in other cases.

5              And we might end up coming back to Your

6    Honor if we're having trouble.  But I don't expect,

7    with the quality on the other side of this case, that

8    it won't be for any lack of diligence or anything

9    else like that.  It just -- it does take a long time.

10   And these cases are -- quite often have quite a few

11   moving parts and some complexities that we don't

12   always know walking into them.

13             THE COURT:  All right.  Well, I do attend

14   usually annually at NYU, Sam Estreicher -- he's a

15   former pal clerk of mine, and also use it as an

16   excuse to go see my boys in New York.  So I do sit

17   through the NYU's employment law.  So that gives me a

18   good perspective nationwide, as well as here in New

19   Mexico, of some of the complexities with these

20   employment cases.

21             Mr. Gordon, do you have anything else you'd

22   like to tell the Court about the case that might

23   impact scheduling or how we're going to handle

24   matters in this case?

25             MR. GORDON:  Your Honor, I defer to my

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    colleague, Grace Speights.  She agreed to speak to

2    those questions.

3              THE COURT:  All right.  Ms. Speights.

4              MS. SPEIGHTS:  Thank you, Your Honor.

5              I do agree with Ms. Dermody.  We both have

6    handled many of these cases.  And even though there

7    are good intentions, sometimes they take a little

8    longer than expected.  And a lot does depend on the

9    production and analysis of the data.

10             Having said that, the parties have worked

11   hard, I believe, to come up with a practical schedule

12   that hopefully will take that into account.  But,

13   obviously, if we find that we are having difficulty

14   meeting that, we'll confer with the other side and

15   try to work out some agreement to bring to Your Honor

16   for approval.

17             THE COURT:  All right.  Thank you, Ms.

18   Speights.

19             All right.  Let me give you some dates.  It

20   always makes me, as a trial judge, a little nervous

21   to set some dates without putting a trial date on it.

22   I learned long ago that that usually is the best

23   thing a trial judge can do.  But I respect the

24   counsel in this case, so most of the things that

25   you're proposing here are yours, and I'll go along

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    with that.

2         So discovery will end 30 days before the

3    summary judgment.  And I'm not sure that we came up

4    with a date for the summary judgment, but we do have

5    some other dates.  So let me keep moving and come

6    back to that in a moment.

7         What I would propose is, I'd like to have a

8    date for some discovery motions, at least on this

9    class certification stage.  So you're looking at your

10   motion for class certification being in 2018.  I'll

11   toss this out; if we need to revise it, I'll come

12   back to it.  I'll set a deadline for all discovery

13   motions for -- let me pull my calendar -- what if we

14   set it for April 30th of 2018.  Try to front-load

15   these discovery disputes.  You can file motions in

16   advance, but at least have a deadline on this class

17   certification for April 30.

18        The plaintiff will identify -- let's see,

19   let me just skip experts here for a moment.

20        And then all pretrial motions will be due

21   90 days after the ruling on the class certification.

22        Let me look at what you said here on

23   joining parties.

24        MS. DERMODY:  Your Honor, this is Kelly

25   Dermody.




SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          Would it help if I attempted to give an

2    overview of what our concept was here?

3          THE COURT:  Well, I think I understand.

4    Let me just -- hold on a second.  Let me -- while I'm

5    getting some of these dates out, let me get those

6    out, and then I'll come right back to that.

7          The plaintiff shall be allowed until 90

8    days before the filing of their motion for class

9    certification, or February 19, 2018, to move to amend

10   the pleadings and/or to join additional parties in

11   compliance with the requirements of Rule 15(a).  And

12   when I say identify your expert, that means identify

13   your expert, produce your expert report, and have

14   your experts ready to be deposed.  They don't have to

15   deposed that day, but have them ready to go, because

16   the defendant is going to need to do the same for its

17   expert or experts by March 5, 2018.

18          I will set a motion -- the motion for class

19   certification will be due by May 18, 2018.  And

20   response to the class certification motion will be

21   due August 1, 2018.  The reply to the class

22   certification motion will be due September 21, 2018.

23   And then the motion hearing on the class

24   certification will be September 26, 2018, at 9:00

25   a.m.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          One question I had is how long do you think

2   that this class certification hearing will last?  Are

3   y'all thinking of a day, or are you thinking of

4   something longer?  Ms. Dermody?

5          MS. DERMODY:  Sure, Your Honor.  I have

6   seen it run the gamut, an hour to six hours to two

7   days.  I think it purely is what Your Honor wants to

8   hear.  I'd say it's much more common that we're in

9   court for a half day arguing our positions.  But,

10  again, we will do whatever is helpful to the Court.

11         THE COURT:  Mr. Gordon, Ms. Speights, do

12  you have some thoughts on how long you think the

13  class certification hearing will last?

14         MS. SPEIGHTS:  I think it's more likely a

15  half day, Your Honor.

16         THE COURT:  Okay.  All right.  So why don't

17  I leave it for a day.  We'll just plan for a day, and

18  that should give you enough time.  I won't schedule

19  it for two days.  As y'all get closer, and you think

20  it's going to take more time than the day I'm

21  allotting for it, call my courtroom deputy as soon as

22  you sort of think about that, that it may be more

23  than one day.  And then we may -- we can see if we

24  still got a day there.

25         I will order that supplementation under

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   Rule 26(e) regarding damages issues will be due 30

2   days before trial, and supplementation under Rule

3   26(e) regarding nondamage issues will be due 30 days

4   before the summary judgment.

5           Y'all didn't indicate at that point whether

6   it was 30 days before summary judgment was decided,

7   or the motions were filed.  So I'm going to need a

8   little bit of guidance on that.  I know there are

9   some exceptions that we need to deal with.

10          But why don't I pause here, because I

11  believe those are all the deadlines that I was able

12  to extract from the joint scheduling order.  And if I

13  need to set other deadlines, I'll work with you to do

14  that.

15          So, Ms. Dermody, what else do you need or

16  what did I maybe overlook as deadlines that you want

17  set?

18          MS. DERMODY:  Yes, thank you very much,

19  Your Honor.

20          I think there might be a little bit of

21  confusion on how we communicated this to Your Honor.

22  And for that, I apologize.

23          On page 11 of our joint filing, the parties

24  jointly proposed that the expert reports be filed

25  with the motions for class certification.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          And the reason that this might be important

2    for purposes of scheduling is that the discovery

3    deadline that Your Honor indicated, which was a lot

4    earlier than that, cuts very far into that problem

5    that I mentioned earlier about getting the expert

6    data and the reports ready.  I'm not confident at all

7    that we collectively would be in a position to

8    discover experts in February.

9          I am confident that if we have a regular

10   production and good faith on both sides, we can get

11   this done for the May deadline.  But I worry very

12   much that this is not workable.  So that's one topic.

13         And the other is just confirming with Your

14   Honor that the discovery motion deadline of April 30

15   contemplates the preclass certification discovery.

16   It doesn't mean all discovery motions for the case.

17   Because I imagine there might be some additional

18   cleanup after classification where we could, in fact,

19   have a motion.  Not that I contemplate one right now,

20   but it could come up, and I wouldn't want us to agree

21   that we couldn't ever bring it at that point.

22         THE COURT:  No, I was treating -- for

23   better or worse, I was treating the class

24   certification stage as almost its own trial, and,

25   therefore, giving you an earlier discovery deadline.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  Then I would guess we would need to set another one

2  after the class certification to have another

3  deadline for discovery related to the merits

4  discovery.

5          MS. DERMODY:  Yes, Your Honor, that makes

6  sense.

7          On page 12 of our statement, one

8  alternative that the parties proposed, and maybe it's

9  not a good fit for Your Honor's practice, but we

10  thought that, given that it's a class certification

11  motion that's coming, and it will so greatly change

12  the shape of the trial, that we don't candidly know

13  collectively how much time it will take between the

14  class certification decision and getting into the

15  courtroom for trial.

16          If the Court denies class cert, that's a

17  very small case that is going to be ready right away.

18  If the Court grants cert or grants some part of cert,

19  it may take a little bit of time to do the revised

20  damages analysis, because we'll have updated data at

21  that point for trial.  And some trial witness

22  depositions that we probably wouldn't want to

23  front-load now, not knowing that we'll ever have to

24  take those depositions.

25          But if we were able to come back to the



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  Court after the cert decision, we could then have a

2  much more specific, planned trial, and we might not

3  have quite as much ambiguity and cloud over some of

4  these deadlines.

5          THE COURT:  No.  If Sandia agrees with you

6  on that, I'll go along with it.  It's not my favorite

7  way to run a case, but I'll go along with y'all on

8  this case.  Are y'all in agreement on that,

9  Ms. Speights?

10         MS. SPEIGHTS:  We are, Your Honor.

11         THE COURT:  All right.  So that's fine.

12  I'll go along with it.

13         So what else do you need as far as

14  deadlines?  Am I articulating all the deadlines that

15  y'all have agreed to, or need?  Or am I overlooking

16  something, Ms. Dermody?

17         MS. DERMODY:  Yes, Your Honor, I think

18  you've done a great job, given how perhaps confusing

19  we made this for Your Honor.

20         The only last thing, I would just go back

21  to the question on page 11, where we had jointly

22  proposed the time for filing the expert reports, just

23  to see if the Court would adopt the parties' joint

24  proposal, as opposed to doing the schedule that I

25  think the Court first outlined when you were

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1　understanding our proposal differently.

2　　　　　THE CLERK:  Judge, this is Ms. Wild.  Can I

3　ask you a question?

4　　　　　THE COURT:  Hold on just a second.  Let me

5　ask Ms. Dermody.  You keep saying page 11.  Are you

6　referring to the section that, to me, looks like page

7　13, where it says "pretrial motions schedule," where

8　it says, "plaintiffs' motion for class certification

9　and plaintiffs' expert report"?

10　　　　　MS. DERMODY:  No, Your Honor.  I'm

11　referring to page 11 of Document 39.  The subheading

12　is "scheduling," and it says "Reports from retained

13　experts under Rule 26(a)(2) due," and then says from

14　plaintiffs, when we file for class cert, and from

15　defendant, when it files its opposition.

16　　　　　THE CLERK:  Judge, I think the confusion is

17　when you were giving out the deadlines for amending

18　the pleadings and joining the parties, you gave out

19　the February 19th or the 90 days before the class --

20　filing of the class cert motion for the plaintiffs.

21　And then you shifted gears and you said -- then you

22　went into the expert -- I think you said March 5th

23　for the defendants to identify experts.  And I'm just

24　wondering if that may be where some of the confusion

25　is coming in.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          THE COURT:  Well, I could just be very

2    wrong, but I didn't think -- I think I just skipped

3    over the experts entirely because I didn't quite

4    understand what the parties were wanting.  I'm

5    looking at page 11, I'm looking at page 13.  Is there

6    a difference between the plaintiffs' motion for class

7    certification and plaintiffs' expert reports will be

8    due on May 18, 2018?  Is that different from what

9    you're suggesting on page 11?

10          MS. DERMODY:  No, Your Honor.  They are the

11   same.

12          I think Ms. Speights was -- thank you, Ms.

13   Speights, for trying to clean up for me.  I was

14   confused by Your Honor's comments about expert

15   disclosures and making experts available for

16   deposition.  I just wanted to make sure we were on

17   the same page in terms of the overall schedule of

18   when we file expert reports, which presumably, then,

19   expert depositions would follow that filing deadline.

20          MS. SPEIGHTS:  Your Honor, this is Grace

21   Speights, if I may.

22          What we are proposing here is the

23   plaintiffs would file their motion for class

24   certification.  With that would be their expert

25   reports.  That would be the first time that we would

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    see those.  And then between May 18, when they file

2    that with the expert reports, and August 1, 2018,

3    when our opposition would be due, in addition to

4    writing our opposition to class cert, we would depose

5    their experts at that time; so between May 18 and

6    August 1.  And then it would be the same thing for

7    them.  After we file our opposition, with our

8    opposition, we would file our expert reports, and

9    between August 1, which is when we file, and

10   September 21, 2018, which is when their reply is due,

11   they would depose our experts, and then include

12   whatever supplemental expert reports they would have

13   in their reply.

14          Am I right, Ms. Dermody?

15          MS. DERMODY:  Yes, that's right.  Thank

16   you.

17          THE COURT:  All right.  We'll write that in

18   to the scheduling order that my CRD will put

19   together.

20          Any other deadlines that you need the Court

21   to set, or anything else I've overlooked, Ms.

22   Dermody?

23          MS. DERMODY:  No, Your Honor.  Thank you

24   very much.  And this is a practice pointer for our

25   team to be a little better about setting these things

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  out so the Court doesn't have to guess.  We

2  apologize.

3        THE COURT:  How about you, Ms. Speights?

4  Any other deadlines that you need set, or anything

5  else I've overlooked?

6        MS. SPEIGHTS:  No, I think those are the

7  only deadlines for now, Your Honor.

8        THE COURT:  Okay.  A few other things

9  that -- I'm looking at my notes -- that I need to

10  state, I guess supplementation under Rule 26(e)

11  regarding damages issues will be due 30 days before

12  trial.  Supplementation under Rule 26(e) regarding

13  nondamage issues will be due 30 days before the

14  summary adjustment.  And again, this is where I'm

15  confused.  Did y'all want this before the summary

16  judgment is decided?  Before it's filed?  What did

17  y'all -- what was that supplementation pegged to, Ms.

18  Dermody?

19        MS. DERMODY:  I think, Your Honor, we

20  were -- again, not in a particularly coherent way --

21  trying to give the Court some comfort that we had a

22  plan that wouldn't just drag this case out forever.

23  But candidly, our preference would be to not set any

24  of these post-certification dates, and to come back

25  to Your Honor when we get the order.  Because, again,

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    I think some of this is guesswork right now.

2            But the general framework would be to have

3    these ideas about how to schedule the case so that it

4    makes sense for the Court that the case is going to

5    close 30 days before trial, and there is not going to

6    be some -- any guessing about that.  That's the

7    parties' concept right now.  And we would adhere to

8    it later on.

9            THE COURT:  Are you comfortable with that

10   as well, Ms. Speights?

11           MS. SPEIGHTS:  Yes, Your Honor.

12           THE COURT:  Okay.  All right.  So we won't

13   set those deadlines then.

14           Let me ask.  Let me go back to the

15   discovery ends.  Is what y'all were trying to

16   communicate with, again, the phrase "30 days before

17   summary judgment," is that a deadline that you don't

18   want set because that was one for all discovery?  Or

19   is that just on the discovery for class

20   certification, Ms. Dermody?

21           MS. DERMODY:  I don't think the parties had

22   contemplated a date certain for discovery cutoff

23   before class certification.  I think this was -- this

24   Footnote 2 on page 12 was about what we would

25   anticipate proposing to the Court at the time we come



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    back to the Court after class certification, before

2    the close of discovery pretrial.

3            So I don't know that we have any thoughts

4    in mind about that cutoff before then.

5            THE COURT:  So you're not having any

6    discovery cutoff on class certification, but you want

7    me to set these dates, for example, when the motion

8    is due.  That's more important to you than discovery

9    cutoff on class certification.

10           MS. DERMODY:  Yes, Your Honor.  I think the

11   parties jointly contemplate that once the motion is

12   filed, there is not going to be additional discovery

13   happening.  We're not -- neither side is in the game

14   of sandbagging each other, and there is a lot to do

15   during that briefing.  So I think we collectively

16   agree it's a good idea to put the pause button on.

17   But it could be, for reasons that I don't know yet,

18   that we'll still be collecting information in the

19   days leading up to the class motion.  I just don't

20   know.

21           THE COURT:  Okay.  Are you comfortable with

22   that, Ms. Speights?

23           MS. SPEIGHTS:  Yes, Your Honor.  We

24   normally just go right up to the motion for class

25   certification being filed.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1        THE COURT:  Okay.  And then we're not
2  setting any cutoff, because we're going to turn
3  around and probably go into merits discovery shortly
4  thereafter, and we'll set some cutoff after the
5  ruling on the class certification.  Is that your
6  thoughts?
7        MS. SPEIGHTS:  Well, Your Honor -- this is
8  Grace Speights.  In terms of merits discovery, I
9  mean, in terms of anything related to class
10  certification and class merits, I mean, we believed
11  that all of that was going to be done before class
12  certification, at least that's our position.  I think
13  that's one of the issues that may be in the
14  exceptions when we talk about post-certification
15  discovery.
16        THE COURT:  Okay.  Let's move to those.
17  I'm looking at page 17.  Tell me what the dispute is.
18        I'll let you start, Ms. Dermody.  Do you
19  want to tell me what the exception is as to timing of
20  discovery?
21        MS. DERMODY:  Sure, Your Honor.
22        I think this might be an issue where
23  sometimes labels get in the way of just good lawyers
24  working things out.  What the defense might call
25  class merits, we might agree is about class

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   certification.  It's just totally unclear, until

2   we're sitting in a meet and confer, what we're

3   talking about.

4          I think that we are -- we have a burden, as

5   plaintiffs, to show the Court that we meet elements

6   of Rule 23.  And you know, under Dukes and other case

7   law, it's a significant burden that we will, with

8   full force, attempt to meet.

9          However, we're not required, under the

10  current case law at least, to prove the entire

11  liability case at class certification.  There are

12  often overlaps in merits and commonality, and

13  whatnot.  But it's not that we have to prove it then.

14         And because there is an expectation under

15  Rule 26(b)(1), that there will be some

16  proportionality to how people discover the case, we

17  think it's appropriate to defer certain discovery

18  that may never be needed, until after we see the

19  class certification order.

20         We hope that we get a class certified.

21  That's why we're here.  But if we don't, then we

22  don't have to be in the position of both parties

23  putting witnesses through depositions and looking at

24  documents and spending an enormous amount of

25  resources to discover a part of case that just is not

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   ever going to be necessary.  So we're really talking

2   about a pretty narrow part of the discovery of this

3   case being postponed until after certification.  But

4   we think that's appropriate to do that.  And it may

5   fall under that label of merits in the minds of some.

6   I just can't tell until we get there.

7           THE COURT:  All right.  Your thoughts, Ms.

8   Speights?

9           MS. SPEIGHTS:  Yes, Your Honor.

10          I mean, it's our view that at least the

11  discovery that occurs prior to the class

12  certification motions being filed would include all

13  class-related issues.  That's the merits of

14  plaintiffs' class claim.  And that's the only thing

15  that would be done -- the only discovery that would

16  be done after the decision on class certification

17  would be discovery that would relate to the

18  individual plaintiffs' claims, as well as any alleged

19  damages.

20          We are, you know, putting in a lot of time

21  for discovery on class issues.  The plaintiffs have

22  proposed an extensive amount of depositions and

23  interrogatories, and all those things, which we will

24  talk about.  Because we think it's a bit too much,

25  and just think that a second round of discovery after

SANTA FE OFFICE                                                    MAIN OFFICE
119 East Marcy, Suite 110                                          201 Third NW, Suite 1630
Santa Fe, NM 87501                                                 Albuquerque, NM 87102
(505) 989-4949                                                     (505) 843-9494
FAX (505) 843-9492                                                 FAX (505) 843-9492
                                                                   1-800-669-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE
                                                                   e-mail: info@litsupport.com

1  class certification, if the class is certified, on

2  class-related issues will unnecessarily increase our

3  costs, and it will also delay the ultimate resolution

4  of the matter.

5          We're not saying there shouldn't be any

6  discovery after the decision.  We think it should be

7  limited to the plaintiffs' individuals claims and

8  damages.

9          THE COURT:  Well, let me speak a moment,

10 and then if this is not clear enough or helpful

11 enough, then perhaps you can tell me what ruling you

12 need.  I have found that over the years, trying to

13 bifurcate class action discovery from merits

14 discovery is just not as fruitful as people thought

15 it was 30 years ago when I was doing class actions.

16 So, as a lawyer in the old days, what y'all are

17 saying was actually switched.  The defendants wanted

18 to limit discovery to class certification issues, and

19 defendants wanted to -- or plaintiffs wanted to have

20 a full-blown, because they knew that, basically, the

21 ballgame was class certification.

22          If y'all had agreed to bifurcate the

23 discovery, then I would go along with it, because I

24 respect good counsel's sort of assessment.  But, at

25 the same time, I'm not very optimistic that we can

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1　meaningfully bifurcate it, because the class

2　certification in the modern era looks a whole lot

3　like a very merits-based scrutiny of the plaintiffs'

4　claims.

5　　　　　　So since y'all were unable to agree on a

6　strict bifurcation, I'm not inclined to impose one

7　myself.  Therefore, I think it's fairly wide open

8　discovery.  So what I would anticipate is the

9　plaintiffs, you know, better do their discovery.  If

10　they've got some witnesses that they just know they

11　don't need for class certification, I don't think I

12　should be forcing them to do that before the class

13　certification hearing.

14　　　　　　On the other hand, if they've got a

15　witness, and it's half -- I'm not talking about

16　damages; it looks like everybody agreed, maybe, to

17　put damages aside -- but if you've got a witness

18　there that, you know, half the day would be spent on

19　whatever they would comfortably say is class

20　certification issues, then you've got another half

21　day that is probably merits issues, I think you

22　better just get it done.  Because that's not the kind

23　of discovery that I would be enthusiastic about just

24　delaying and forcing us to re-track the witness down,

25　and start the process over.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          So with that guidance, is that enough
2    guidance on this issue, or do you need a more
3    definitive ruling?  What's your thoughts, Ms.
4    Dermody?
5          MS. DERMODY:  Yes, Your Honor.  No, it's
6    very helpful.
7          Again, I think I agree with Your Honor
8    completely.  And these labels are sometimes
9    confusing.  I had not intended for plaintiff to be
10   proposing to bifurcate class on merits.  It really
11   was about having a phase of the case that's
12   discovered, that's focused on the class motion
13   efficiently, and a phase of the case that is cleanup,
14   to make sure we're all prepared for trial, where
15   there might be some additional fact witness
16   discovery.
17         And I think your guidance is spot on, Your
18   Honor.  And we will take it to heart and prosecute
19   the case that way.
20         THE COURT:  What do you think,
21   Ms. Speights?  Is my guidance enough for today?  Or
22   do you think you need something more definitive than
23   what I'm giving you as far as guidance?
24         MS. SPEIGHTS:  Your Honor, your guidance
25   today is sufficient for our side.



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1           THE COURT:  All right.  I'm looking through

2    the initial scheduling conference.  It looks like

3    I've covered everything.

4           I'm obviously going to talk to you here in

5    a moment about how I do things.  But is there

6    anything else from a deadline standpoint, your

7    issues, what you need from the initial scheduling

8    conference, what you need to see in the scheduling

9    order, that we haven't discussed, or I need to

10   address, Ms. Dermody?

11          MS. DERMODY:  Your Honor, I'm not sure if

12   we can move much beyond this day without some

13   guidance on the discovery cutoff period.  I'm sure

14   the parties will immediately get into a disagreement

15   about that, if we don't hear from Your Honor.

16          The plaintiffs have proposed having a

17   discovery cutoff that assumes that we will go back to

18   January 1, 2010, on data and policies, and January 1,

19   2012, for all other matters.

20          I think the defendants would like to

21   have -- I'll let them speak for themselves what they

22   would like to have, but I think they would like to

23   have a shorter discovery period.  And we just need to

24   know collectively how to proceed, so that there

25   aren't silly disagreements between us about something

SANTA FE OFFICE                                          MAIN OFFICE
119 East Marcy, Suite 110                          201 Third NW, Suite 1630
Santa Fe, NM 87501                                 Albuquerque, NM 87102
(505) 989-4949                                             (505) 843-9494
FAX (505) 843-9492                                     FAX (505) 843-9492
                                                              1-800-669-9492
                                                e-mail: info@litsupport.com



BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1    that Your Honor can tell us right now what you think

2    is right.

3           THE COURT:  This is the discussion you're

4    having on pages 15 to 16; correct?

5           MS. DERMODY:  Yes, Your Honor.

6           THE COURT:  My memory -- and correct me if

7    I'm wrong -- the class period that you're looking

8    at -- was it 2008, that you went back to plaintiffs

9    that were hired in 2008?  Am I correct?

10          MS. DERMODY:  That is what we set forth in

11   the complaint, yes, Your Honor.

12          THE COURT:  Right.  So what you're

13   proposing is that -- it says here, "The parties agree

14   that if the Court grants the defendant's motion to

15   dismiss, the class period should begin on January 1,

16   2012."  That's because, then, we're dealing strictly

17   with Title VII claims; correct?

18          MS. DERMODY:  That's right, Your Honor,

19   yes.

20          THE COURT:  Okay.  Let me just make sure I

21   understand the positions.  So if the plaintiffs say

22   the claims -- let's see, you are seeking two to three

23   years before the class liability date.

24          The defendant maintains the scope of

25   discovery should be limited to January 1, 2012.  So

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   if we're dealing with a class period that begins on

2   January 1, 2012, tell me, Ms. Dermody, why you think

3   you need to go back before that period of time.

4          MS. DERMODY:  Yes, Your Honor, sure.

5          We set forth a couple of cases that sort of

6   talk about this.  But in an employment class action

7   dealing with company policies, it's often

8   illuminating to look at the trend line of what's been

9   happening with those policies, and not just take a

10   snapshot of the class period.  Because the policies

11   obviously operated for periods that proceeded the

12   class liability period.  And it has been at least our

13   experience that it's sort of standard operating

14   procedure to take a look-back two or three, and

15   sometimes four or more years prior to that period.

16          I do think that the plaintiffs have an

17   obligation to respect proportionality, and that for

18   purposes of all kinds of ESI-type materials, that

19   that's too much to ask for.  But for data, which is

20   really just mapping from the payroll systems,

21   whatever the time period is for, you know, writing a

22   program, it doesn't take any more time or any more

23   man-hours to get that material if you do it one year

24   versus another.

25          So for purposes of data, we think that

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   there is not really a burden.  We think that because

2   it's extremely probative, and it's a discrete amount

3   of material, getting policy information going back is

4   very important.

5           But for other things, as I said upfront, I

6   think there are reasonable limits to draw.  And we'd

7   be happy to have those limits drawn here.

8           THE COURT:  All right.  What's your

9   thoughts, Ms. Speights?

10          MS. SPEIGHTS:  Your Honor, I just want to

11  correct a few things, because I think --

12          THE COURT:  All right.

13          MS. SPEIGHTS:  -- Ms. Dermody may have

14  misspoken.

15          The liability period here is back to

16  February of 2014, is the start of the liability

17  period under Title VII; not January of 2012.

18          What we agreed to was that in terms -- the

19  liability period starts February of '14, February

20  2014.  We would be agreeable to going back two years

21  for discovery.  So if you look at page 15, under

22  discovery cutoff, it says that, "The parties agree

23  that if the Court grants defendant's motion to

24  dismiss plaintiffs' state law claims, the class

25  discovery" -- not liability -- "the class discovery



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1  period should begin on January 1, 2012," which is two

2  years before the Title VII liability period.  And we

3  don't think that we should be going back.  I mean,

4  we're already agreeing to two years before the

5  liability period.  And that's sufficient for either,

6  whether it's data or whether it's documents.  It

7  doesn't make any sense to us that there would be a

8  different discovery period for data versus policies

9  and other type things, Your Honor.

10          MS. DERMODY:  Your Honor --

11          THE COURT:  Let me ask Ms. Speights this:

12  What we're basically disputing over is whether it

13  should be four years back or two years back.  So

14  that's the dispute; correct, Ms. Speights?

15          MS. SPEIGHTS:  That's correct, Your Honor.

16          And that would be off of the liability

17  period as of February of 2014, under Title VII.

18          THE COURT:  And you're saying that there

19  shouldn't be one sort of discovery deadline for

20  payroll information, employment information, and then

21  policies.  It should just be one deadline for

22  everything; correct?

23          MS. SPEIGHTS:  Correct, Your Honor.

24          THE COURT:  All right.  Ms. Dermody, you

25  were going to say something?

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1      MS. DERMODY:  Yes, Your Honor.  Yes,

2  Ms. Speights corrected my answer.  I appreciate her

3  doing that.  I misunderstood your question.

4      I think that the issue here has been at

5  least that to the extent there is some chance that

6  state law claims will be resurrected here, the

7  parties collectively don't want to be in a position

8  of having to stop-start on discovery that's ongoing.

9  I know that it's burdensome on the defendants to pull

10  data multiple times, using different time periods.

11  And so one of the ways to alleviate that problem is

12  to pull data once for just a broader time period than

13  they would pull it.  As I said, I don't think that's

14  any additional burden at all.  It's just about making

15  sure you do it once and it's efficient.

16      It also doesn't seem to be inappropriate to

17  pull the documents concerning the key policies in

18  this case that are really what the case will turn on

19  for a period of time that goes back more than two

20  years.  That isn't atypical.  And I certainly have

21  seen courts in lots of areas split the baby between

22  discovery that is quite burdensome and costly, having

23  a smaller time period than discovery that is more

24  discrete and more highly probative.

25      So we would propose that this is an

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  appropriate approach here.  It saves us problems

2  downstream, if we are fortunate enough to convince

3  Your Honor that the state claims are preserved.  And

4  it's consistent, even at four years with the case law

5  we presented to Your Honor.

6          MS. SPEIGHTS:  Your Honor -- I'm sorry.

7          THE COURT:  Let me ask Ms. Dermody one

8  question here:  You're not suggesting a different

9  deadline or cutoff for policies, procedures, and then

10  what I'll kind of call the hard employment data, are

11  you?  You're just simply saying:  Make a deadline

12  across the board, and perhaps some of the material

13  you can agree to forego because it may not be

14  proportional to the needs that you have in the case?

15  Am I reading your position correctly?

16          MS. DERMODY:  Close, Your Honor.  I think

17  actually we're asking for something that's a little

18  firmer on plaintiffs, which is that we only are

19  entitled to get data and policy documents back to

20  2010.  And the presumptive discovery cutoff for all

21  other types of documents, which is the majority of

22  documents, would start January 1, 2012, which is

23  agreed between the parties.

24          THE COURT:  All right.  You were going to

25  say something further, Ms. Speights?

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          MS. SPEIGHTS:  Yes, Your Honor.  With
2     respect to the state law claims, if for some reason
3     they came back in -- I mean, we have to remember that
4     the state statute was not enacted until June 14th of
5     2013.  So to say that somehow if those claims come
6     back in, that would justify going back further or
7     doing it all at one time now, we would disagree with
8     it, Your Honor.  Even given that it was not enacted
9     until 2013, I mean, you know, we would argue that
10    there is no liability before then.  So if that is the
11    liability period, going back to January 2012, when
12    the statute wasn't even in effect, we believe is a
13    reasonable compromise, whether or not the state law
14    claims are in or out.
15         THE COURT:  Give me a moment to rereview
16    the materials on 12, 13, and refresh my memory as to
17    what y'all said.
18         Well, probably if I had been left to my own
19    devices, and this dispute had just been presented to
20    me without reference to the motion to dismiss, I
21    would have probably gone -- it seems to me four years
22    is a little long, and it seems two years is a little
23    short.  But it seems to me that y'all kind of agreed
24    on this issue; the parties agree that if the Court
25    grants the defendant's motion to dismiss, the class



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1    discovery period should begin on January 1, 2012.

2    The dispute was only if I denied the motion.  And the

3    defendants didn't -- don't seem to me to have really

4    deviated from their position.  Their position was

5    always all along that it should be limited to January

6    1st.

7            The plaintiffs wanted to go back to 2010,

8    if I'd upheld the state law claims, indicating that

9    two to three years before the opening class liability

10   period is something that was a, quote, "modest

11   request."  They're getting two years.  I think we're

12   kind of quibbling over whether it should be backed up

13   three.  But it doesn't seem like even the plaintiffs

14   were advancing, really, a four-year period before I

15   made the decision on the motion to dismiss.

16           I think that probably what the defendants

17   propose here is reasonable, modest.  I think it's in

18   line more with proportionality.  I'll use the cutoff

19   date of January of 2012.  But I'll indicate to you

20   that if the plaintiff gets into the case, and gets

21   some documents or something that indicates they need

22   to go back further, then the courthouse door is not

23   closed.  So, Ms. Dermody, if you want to come back

24   and say, Here, Judge, here are some documents that

25   suggest a reason we need to go back further, then

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    I'll remember this conversation, and I'll probably be
2    receptive to allowing some selective discovery
3    backwards.
4            But I think, given where we are, it sounds
5    like the defendants are willing to run the risk that
6    if the state claims are readded back in for some
7    reason, they may have to look at a different
8    deadline.  They're willing to restart and redo their
9    discovery, as long as they're making an informed
10   decision that that might be something that happens.
11   Then I think that probably the deadline they are
12   proposing is the one that we should go with.
13           All right.  Is there anything else from a
14   scheduling standpoint that we need to discuss?  Any
15   other deadlines before I tell you how I do a few
16   things, Ms. Dermody?
17           MS. DERMODY:  No, I don't think so, Your
18   Honor.  And thank you for the feedback on the
19   discovery cutoff.  I think you've saved the parties a
20   lot of hours of back and forth getting that sorted
21   out.
22           THE COURT:  Ms. Speights, how about you?
23           MS. SPEIGHTS:  No, Your Honor.
24           THE COURT:  All right.  Let me give you a
25   few things about how I do things.



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    On discovery, I give you a choice.  I find

2    that most civil lawyers just need an answer.  So if

3    you would like to take advantage of that, just call

4    my courtroom deputy; I'll get on the phone with you,

5    and try to resolve it.  Most of the time I can

6    resolve it on the phone.  Occasionally, I have to

7    look at something like an RFP or an interrogatory and

8    make an informed decision, so it may take two or

9    three days to get back with you.  But usually I can

10   give you fairly quick answers.  Even when I'm in

11   trial, I take breaks, and I can get on the phone with

12   you and try to work out discovery disputes with you.

13   If you would prefer to formally brief a

14   discovery dispute, that's fine.  Some discovery

15   disputes lend themselves to briefing.  And we'll talk

16   about motions in a moment.  And if would you prefer

17   that Judge Fashing -- no, this is Judge Fouratt.  If

18   you'd prefer that Judge Fouratt do the discovery

19   disputes in this case, that's fine as well.  Just let

20   my courtroom deputy know.  Because if I don't hear

21   from you, I'm on default; I do my own discovery

22   unless I hear otherwise from you.

23   On motions, you have an obligation to meet

24   and confer in federal court.  That's required by the

25   Federal Rules of Civil Procedure, as well as the

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1   local rules.

2          What I'm about to tell you is not required,

3   though it is in some districts, but I don't require

4   it myself.  But if you would like to take advantage

5   of that, call my courtroom deputy, and I'll get on

6   the phone with you or meet you here in the courtroom,

7   or meet you in chambers, whatever works out.  I find

8   that if I sit in on the meet and confers, most of the

9   issues fall by the wayside and we really begin to

10  focus on what the Court needs to decide and what the

11  parties need from the Court.  So, again, if you'd

12  like to take advantage of that, just call my

13  courtroom deputy.  I don't require that.  Federal

14  court requires enough stuff.  But as y'all know, many

15  districts are beginning to require this.  And they're

16  reporting, you know, that they are resolving about 98

17  percent of the disputes this way.  So if you'd like

18  to take advantage of that, let us know.

19          We've set some deadlines today.  We'll get

20  a scheduling order that sets these further.  You

21  obviously can file motions in advance of these.  If

22  you do, it does help if you'll call my courtroom

23  deputy and tell her that you have filed this motion.

24  She's very good at looking at the docket and finding

25  them as well.  But it does help, and she'll set the

SANTA FE OFFICE                                                                    MAIN OFFICE
119 East Marcy, Suite 110                                              201 Third NW, Suite 1630
Santa Fe, NM 87501                                                      Albuquerque, NM 87102
(505) 989-4949                                                                     (505) 843-9494
FAX (505) 843-9492                                                          FAX (505) 843-9492
                                                                                1-800-669-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE
e-mail: info@litsupport.com

1    hearing, and I will try to be ready to either rule at

2    the hearing, or at least give you an inclination, so

3    I can keep the case moving for you, and keep it

4    moving on my docket as well.

5          I don't know your case well enough -- we've

6    talked some about experts -- I don't know your case

7    well enough to know whether you're going to have

8    Daubert issues.  If you get into the case and you

9    think there is going to be Daubert issues, if you can

10   agree on a deadline, do so, and put it in a motion

11   and order.  If you get in the case and you think

12   there is going to be Daubert issues, but you can't

13   agree on a deadline, call my courtroom deputy, and

14   I'll get on the phone and work with you to set a

15   deadline.

16         Now, in a class certification, you can

17   probably look at enough of my opinions -- and I

18   encourage you to look at the footnotes, because

19   that's where I usually resolve issues related to

20   class certification -- you can see how I do it.  If

21   you want to do it that way, that's fine.  We just

22   basically show up at the class certification

23   hearings, people make their arguments.  And as part

24   of my task of determining what's admissible evidence,

25   I resolve in the footnote what I'm going to consider

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    and what I'm not going to consider.  But you might

2    want to stare at that.  Because other class

3    certifications you can see that the parties wanted me

4    to treat the class certification much more like a

5    trial, and they wanted to have a day or some days in

6    which they challenged each other's experts.  So I

7    made pretrial rulings, preclass certification rulings

8    on the Daubert issues.  I issued opinions, then

9    everybody knew what was going to be heard and not

10   heard.

11          Experts are expensive.  Class certification

12   hearings can be expensive.  So I'll probably go along

13   with whatever y'all agree on.  If you can't agree,

14   get my courtroom deputy and me on the phone and I'll

15   resolve it and try to help you.  But do keep that in

16   mind.  Because my experience is that experts are

17   playing a more and more prominent role in these class

18   certification hearings each time I tackle a new one.

19          Given the location here, I'm assuming

20   everything is in Albuquerque.

21          Let me ask my courtroom deputy, anything

22   else that we need to discuss that you can think of?

23   Anything I've overlooked?

24          THE CLERK:  I just want to make sure that

25   we understand what the deadline is, and if there is a

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  deadline for the defendants to amend the pleadings

2  and join parties.  I think it's on page 2 of the JSR

3  and the PDP.

4           THE COURT:  Did I not give that March 5th

5  date?

6           THE CLERK:  Well, that was where I think

7  you began to talk about experts, you know, and

8  indicating that they needed to be ready to be deposed

9  at the time they were identified, and their reports

10 provided.  So I think that's what you said there

11 instead of providing that date, I think.  I could be

12 wrong.

13          THE COURT:  All right.  The plaintiffs

14 shall be allowed until 90 days before the filing of

15 their motion for class certification, or February 19,

16 2018, to move to amend the pleadings and/or join

17 additional parties in compliance with the

18 requirements of Rule 15(a).  And I think I said at

19 that point that what means is that's when you've got

20 to identify your expert, produce your expert report,

21 and have them ready to be deposed.  You don't have to

22 have them deposed, but have them ready to go, because

23 the defendants are allowed 14 days from the filing of

24 the amendment or joinder of the parties, or until

25 March 5, 2018, to move to amend the pleadings and/or

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   to join additional parties, in compliance with the

2   requirements in Rule 15(a).  Again, it doesn't change

3   the substantive requirements of Rule 15(a).  In other

4   words, if you can do something as of right, you need

5   to do it by that date.  And if you need to move for

6   leave of the Court, you need to move by that date.

7   So this sets two deadlines for when you have to do

8   what you have to do under Rule 15(a), but it doesn't

9   change the substantive requirements.

10          Anything else, Ms. Wild?

11          THE CLERK:  No, sir.

12          THE COURT:  All right.  Let me ask both

13  counsel if there is anything else we need to discuss

14  while we're together, if there is anything else we

15  need to do today?  Ms. Dermody?

16          MS. DERMODY:  I don't believe so, Your

17  Honor.  Thank you very much.

18          THE COURT:  All right.  Mr. Gordon,

19  Ms. Speights.

20          MS. SPEIGHTS:  Your Honor, there was one

21  other issue under the joint status report.  One of

22  the exceptions related -- well, I guess it wasn't an

23  exception, but there is a discussion about the

24  proposed limitations on written discovery and

25  depositions.  And we had a difference of opinion

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   there.  That's at page 10 and 11, Your Honor.

2         THE COURT:  Well, what I typically do is

3   not impose -- if the parties can agree, because of

4   cost concerns or something, then I go along with some

5   special limitations on written discovery and

6   depositions.

7         Here, where we've got one side wanting

8   some, and others not, and you've already seen, I

9   tipped my hand as to the fact I'm not really inclined

10  to try to strictly police this in the early stages

11  between class certification and merits discovery.  I

12  guess I'm not inclined to impose any sort of special

13  limitations on discovery or depositions.

14        Y'all will have to correct me if I'm wrong,

15  but I think, and again, correct me if I'm wrong, but

16  the maximum number of interrogatories is already

17  limited by the local rules to 25, if my memory is

18  correct.  The Civil Rules of Procedure don't impose

19  any sort of limitations on RFPs.  And I've never

20  quite understood how that could really be policed

21  anyway, because whatever documents you're going to

22  need to produce, you're going to have to produce

23  whatever documents, whether you state it in ten RFPs

24  or you state it in 50 RFPs.

25        I don't remember if there is any limitation

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   on RFAs.  There may or may not.  I've always thought

2   that the way the Tenth Circuit construes amendments

3   of RFAs, they are extremely limited.  They might give

4   you some help in getting concessions on the

5   genuineness of documents.  And in that situation, it

6   doesn't seem that it's in anybody's interests to

7   limit it.

8           So unless my memory of the Rules of Civil

9   Procedure are wrong, I would be inclined to use the

10  maximum for interrogatories, and not impose any for

11  RFPs and RFAs.

12          I think the rules limit it to ten per side

13  on the depositions.  I'd be inclined to start with

14  that.  I would not be inclined to limit it to four

15  hours.  I think that the rules provide for seven

16  hours.  So, basically, just using the federal rules

17  as the default, rather than inventing anything at

18  this stage.  I'll remember this conversation; that

19  the defendants wanted to limit, and the plaintiffs

20  are talking about a lot more discovery than this.

21          If y'all can't work it out at the time

22  you're actually doing it, then I'll wade in, and I'll

23  remember the conversations.  I'm fairly liberal on

24  discovery, even at the class certification.  It does

25  strike me that 25 depositions would be a lot of

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   depositions for a class certification, or even

2   perhaps a merits case of this magnitude.  I won't

3   prejudge that at this point.  But that would strike

4   me as being on the high side.

5           On the other hand, it seems to me that ten

6   may be a little low.  So maybe I ought to go with the

7   defendants a maximum of 15, which is a little higher

8   than I would normally impose.  That gives the

9   plaintiff a little bit more leeway.

10          And if you're getting beyond that, and you

11  can't work it out, then maybe you need to come back

12  to me, and I'll see what further depositions need to

13  be set beyond 15 a side.

14          Ms. Speights, is my memory wrong, or do you

15  have anything else you want to say on your proposed

16  limitations?  That's kind of how I'd resolve those.

17          MS. SPEIGHTS:  No, Your Honor.  That's

18  fine.  And your memory is correct.

19          THE COURT:  Can you live with that, Ms.

20  Dermody?

21          MS. DERMODY:  Your Honor, thank you for the

22  guidance.  I will only just observe that within this

23  very statement the defendants have already listed 18

24  people on their side who have knowledge.  That's

25  before plaintiffs have even gotten into the case and

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1 seen documents, and ourselves identified who we

2 believe the right decision-makers are.

3      So we weren't trying to be extravagant with

4 the proposal for 25. We just are looking at what

5 already is sitting here, and realizing that there

6 might be quite few people who we have to depose, and

7 it's not quite the typical case in that sense.

8      MS. SPEIGHTS: Your Honor --

9      THE COURT: Yes, Ms. Speights.

10      MS. SPEIGHTS: I'll respond to that.

11      I mean, we will work with Ms. Dermody on

12 these issues. Most of those people who are listed

13 are managers that would go to the individual claims,

14 not to the class claim; most of those 18. But we can

15 talk with her about that.

16      THE COURT: Let's shoot for 15 right now.

17 Let's stick with that deadline. I think that's

18 pretty general in my experience to begin a case. You

19 know, if it turns out it's 18, and the plaintiff

20 makes a good case for three more depositions,

21 probably I'm going to grant it. So listen to them

22 real carefully, Ms. Speights, because I may -- if

23 they make a case for three more depositions, I may be

24 inclined to give them, particularly if they're people

25 that have information.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1        All right.  Ms. Speights, anything further

2   we need to discuss while we're together?  Anything

3   else I can do for you today?

4        MS. SPEIGHTS:  Nothing from me.  But I'd

5   like to ask Mr. Gordon, to make sure he doesn't have

6   anything else.

7        MR. GORDON:  Nothing further from our end

8   either, Judge.  Thank you.

9        THE COURT:  All right.  Well, again, let me

10  thank you for the courtesy of letting me do this from

11  Dallas.  It gave me an opportunity to spend a little

12  bit more time.  And Ms. Wild has already told me this

13  may be my summer vacation.  So I appreciate y'all

14  letting me do this from the Dallas area.

15       We set -- you know, on these civil cases,

16  if y'all agree to move stuff, as long as you're in

17  agreement, I've got a lot more flexibility than I do

18  in my criminal cases.  So if y'all get into the case

19  and you need to move stuff, and y'all agree, put it

20  in a motion and order, and I almost always can go

21  along.  If you can't agree, don't spend a lot of time

22  briefing it up.  Just call my courtroom deputy, and

23  get me on the phone, and I'll try to work it out with

24  you.  So let us know how we can help you litigate

25  this case as expeditiously and inexpensively as



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  possible.

2        All right.  Y'all have a good afternoon.

3  And, again, thank you for your courtesy.

4        (The telephonic hearing was concluded at

5  2:48 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492




BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1                    C-E-R-T-I-F-I-C-A-T-E

2

3    UNITED STATES OF AMERICA

4    DISTRICT OF NEW MEXICO

5

6

7         I, Jennifer Bean, FAPR, RDR, CRR, RMR, CCR,

8    Official Court Reporter for the State of New Mexico,

9    do hereby certify that the foregoing pages constitute

10   a true transcript of proceedings had before the said

11   Court, held in the District of New Mexico, in the

12   matter therein stated.

13        In testimony whereof, I have hereunto set my

14   hand on August 2, 2017.

15

16

17

18   _____
     Jennifer Bean, FAPR, RMR-RDR-CCR
19   Certified Realtime Reporter
     United States Court Reporter
20   NM CCR #94
     333 Lomas, Northwest
21   Albuquerque, New Mexico 87102
     Phone:  (505) 348-2283
22   Fax:    (505) 843-9492

23

24

25

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


Bean & Associates, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com