# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LISA A. KENNICOTT, LISA A.
GARCIA, and SUE C. PHELPS, on behalf
of themselves and a class of those similarly
situated,

        Plaintiffs,

    v.

SANDIA CORPORATION d/b/a SANDIA
NATIONAL LABORATORIES,

        Defendant.

No. CIV 17-0188 JB/GJF

## STIPULATED PROTECTIVE ORDER

## 1.     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, private, sensitive or controlled information for which special protection may be warranted. In addition, requested information and documents may be subject to review by Sandia classification authorities before production to ensure an adequate understanding of and compliance with requirements for protection of sensitive and controlled information in accordance with federal laws, regulations and Department of Energy ("DOE") Orders. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. This Order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. This Order is intended

to facilitate the identification of documents properly entitled to protection and the resolution of disputes over protection in a prompt, expeditious, and efficient manner.

## 2.     **LIMITED USE OF DISCOVERY**

All confidential and highly confidential information produced or discovered in this litigation (as described in Paragraphs 3, 4, and 5 below) shall be used solely for the prosecution or defense of this litigation, and shall not be used for business, competitive, personal, private or public purposes, or any other purpose whatsoever.

## 3.     **"CONFIDENTIAL" MATERIAL**

3.1.     Any party claiming that documents, written discovery responses, or tangible evidence constitute or include confidential information or material shall mark those portions of the material considered in good faith to be confidential (in such manner as will not interfere with the legibility thereof) with the legend: "Confidential." Deposition testimony or deposition exhibits may be designated as "Confidential" by invoking this Protective Order on the record with respect to specific designated testimony, or by using the procedure described in Section 7 of this Order.

3.2.     By designating material as Confidential, the parties and their counsel represent that they have a good faith belief that the materials so designated contain sensitive, non-public, confidential information.  Materials regarding Plaintiffs' performance or compensation shall not be designated as Confidential unless they contain statements that are otherwise confidential under the terms of this Order.  Material which is in the public record or which is already in the possession of an adverse party (except information that is in Plaintiffs' possession by virtue of their employment relationship with Defendant) will not become subject to this order simply by being produced during this case.  Confidential material shall include, but not be limited to,

documents and tangible things produced or otherwise exchanged, where all such information is not readily ascertainable and where the party asserting confidentiality has taken reasonable steps to maintain confidentiality, that contain:

- Non-public company income statements or balance sheets;

- Proprietary or commercially sensitive information the disclosure of which could provide competitors with an advantage (e.g. information regarding the compensation and bonus structure);

- Company statistical data reported to government agencies that is not otherwise publicly available;

- Non-public accounting information or tax records; and

- Company document preservation and destruction policies.

4. **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL**

4.1.    Any party claiming that documents, written discovery responses, or tangible evidence constitute or include highly confidential information or material shall mark those portions of the material considered in good faith to be highly confidential (in such manner as will not interfere with the legibility thereof) with the legend: "Highly Confidential – Attorneys' Eyes Only."  Deposition testimony or deposition exhibits may be designated as Highly Confidential – Attorneys' Eyes Only by invoking this Protective Order on the record with respect to specific designated testimony, or by using the procedure described in Section 7 of this Order.

4.2.    By designating materials as Highly Confidential – Attorneys' Eyes Only, the parties and their counsel represent that they have a good faith belief that the materials so designated contain extremely sensitive confidential information.  Highly Confidential – Attorneys' Eyes Only material shall include, but not be limited to, the following documents and

tangible things produced or otherwise exchanged:

- Company trade secrets protected by law;

- Non-public company strategic initiatives regarding commercial products or services; and

- Personnel and compensation data and information of third-party non-litigants.

4.3.    Although documents constituting company performance reviews may, under appropriate circumstances, be designated highly confidential in whole or in part, employees to whom such reviews pertain shall be entitled to see such material notwithstanding a Highly Confidential – Attorneys' Eyes Only designation provided the performance reviews have been reviewed by Sandia classification authorities and determined appropriate for release with/without redactions.  Redactions, if any, to an employee's performance review shall be limited solely to those words necessary to conceal classified information or other information that cannot legally be disclosed.

4.4.    Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of its own documents, information, or materials.  If a designating party files Confidential or Highly Confidential – Attorneys' Eyes Only information or material not under seal and without redaction, its designation shall be deemed abandoned.  Entry of this Order does not foreclose further agreements by the parties to keep such documents, information, or things confidential or to apply to the Court for protection of other documents, information, or things.

5.    **"HIGHLY CONFIDENTIAL-U.S. CITIZEN EYES ONLY" MATERIAL**

5.1.    Any party claiming that documents, written discovery responses, or tangible evidence constitute or include highly confidential information or material that can only be viewed by U.S./non-dual citizens shall mark those materials: "Highly Confidential – U.S. Citizen

Eyes Only." A party may *also* mark this material as "Highly Confidential – Attorneys' Eyes Only" if such additional marking is appropriate. Deposition testimony or deposition exhibits may be designated as Highly Confidential – U.S. Citizen Eyes Only" by invoking this Protective Order on the record with respect to specific designated testimony, or by using the procedure described in Section 7 of this Order.

5.2    If a party designates materials as Highly Confidential – U.S. Citizen Eyes Only, that party shall, to the extent reasonable feasible and lawful, also produce an additional copy of the materials with the Highly Confidential – U.S. Citizen Eyes Only material redacted.

5.3.    By designating materials as Highly Confidential – U.S. Citizen Eyes Only, the parties and their counsel represent that they have a good faith belief that the materials so designated contain extremely sensitive confidential information. Highly Confidential – U.S. Citizen Eyes Only material shall include, but not be limited to, the following documents and tangible things produced or otherwise exchanged:

- Information subject to conditional or limited access or dissemination under any or all applicable federal statutes, regulations, or other laws. Specifically, these statutes, regulations, and laws include but are not limited to: U.S. or foreign export control laws and regulations, including the International Traffic in Arms Regulations ("ITAR"), and any applicable DOE or Department of Defense ("DOD") instructions or directives concerning critical program information, critical information, unclassified controlled information, unclassified controlled nuclear information, "For Official Use Only" information, information containing distribution statements or other designations indicating controlled access and dissemination, and unclassified information that, in the opinion of the Authorized Derivative Classifiers, when

combined could constitute a classified association or information exempt from public disclosure under the Freedom of Information Act.[1]

5.4     Nothing in the foregoing provisions shall impact or modify any restrictions on any documents or information imposed by the DOE, Department of Defense, or any other U.S. government agency, law, regulation, or other restriction. The Parties will familiarize themselves with and comply with all applicable laws, regulations, U.S. government agency orders, and other restrictions pertaining to sensitive and controlled documents or information that are subject to this Protective Order. Sandia will provide to Plaintiffs the specific applicable materials described above.

5.5     Certain documents produced in this action by Sandia may be marked as subject to applicable U.S. or foreign export control laws and regulations, including but not limited to International Traffic in Arms Regulations. Nothing in the foregoing provisions shall impact or modify any restrictions on any documents or information imposed by any such laws or regulations. In addition, the parties will notify, in advance of any submission of a request for an export license, the other parties to this Action of any and all export licenses sought in connection with this Protective Order.

5.6 Certain documents Sandia produces in this action may be identified as unclassified controlled information, including unclassified controlled nuclear information ("UCNI"), pursuant to federal laws, regulations, or DOE Orders. Nothing in the foregoing provisions shall impact or modify any restrictions on any documents or information imposed by any such laws, regulations, or orders, including but not limited to all restrictions regarding the access transmission, storage,

---

[1]     To the extent information subject to conditional or limited access or dissemination is not subject to U.S. Citizen Eyes Only restrictions, it will be labelled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate.

reproduction and destruction of this material.  In addition, in advance of any submission of a request to the DOE, National Nuclear Security Administration, or other U.S. government agency for "special access" to UCNI, Plaintiffs and their counsel will notify Sandia of any such requests sought in connection with documents subject to this Protective Order.

5.7     All materials or documents produced by Sandia in this Action so marked and/or designated as Highly Confidential – U.S. Citizen  Eyes Only are to be shared only with U.S. Citizens who are not also citizens of another country unless special license(s) and/or access by a foreign national have been secured under the appropriate procedures.

**6.**     <u>**SCOPE**</u>

6.1     The protections conferred by this agreement cover not only confidential and highly confidential material (as defined above), but also (1) any information copied or extracted from confidential or highly confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material (including discovery responses); and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

6.2     The protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.  This Protective Order establishes a procedure for the expeditious handling of such Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – U.S. Citizen Eyes Only information; it shall not be construed as an agreement or as creating any presumption on the confidentiality of any document.

**7.**     <u>**ACCESS TO AND USE OF CONFIDENTIAL & HIGHLY CONFIDENTIAL MATERIAL**</u>

7.1     <u>Basic Principles.</u>   The attorneys of record, and all others to whom any such designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential –

U.S. Citizen Eyes Only information and material is disclosed, shall maintain such designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – U.S. Citizen Eyes Only information and material in strict confidence and shall not disclose such designated Confidential Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – U.S. Citizen Eyes Only information and material except in accordance with this Protective Order. A receiving party may use Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – U.S. Citizen Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and only in accordance with applicable access limitations. Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – U.S. Citizen Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – U.S. Citizen Eyes Only material must be stored and carefully maintained by a receiving party at a location and in a secure manner (such as law firm offices) that ensures access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of Confidential Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential material (including any copies thereof, notes made therefrom, and the information contained therein) only to:

(a) The attorneys of record in this litigation and their employees or contract personnel retained by such attorneys' offices (such as secretaries, legal assistants, and document copying, coding, or imaging services) to whom it is necessary to disclose such information or material in furtherance of the prosecution or defense of this action, any insurance representative

to whom it is necessary to disclose such information or material, and any mediator selected to mediate this matter; provided, however, that the attorneys of record utilizing such personnel shall be responsible for ensuring compliance with this Protective Order with respect to all such contract personnel and third party vendors;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is Highly Confidential – Attorneys' Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation, but only to the extent that the expert, prior to receiving any Confidential information or material, has received a copy of this Protective Order and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), including his/her agreement not to divulge any Confidential information or material to any other person, his/her agreement not to use any Confidential information or material for any purpose other than this litigation, his/her consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and his/her agreement to destroy or to return to the disclosing attorney within twenty (20) days after termination of this litigation (a) all documents and other material containing designated Confidential information and material received by him/her and all copies thereof and (b) all reports, correspondence and other tangible things in his/her possession or control which contain, reference, or describe any Confidential information, or material disclosed to such expert;

(d) jury focus groups to whom disclosure is reasonably necessary for this litigation, but only to the extent that persons in such focus groups, prior to receiving any Confidential information or material, has received a copy of this Protective Order and signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A), including his/her agreement not to divulge any Confidential information or material to any other person, his/her agreement not to use any Confidential information or material for any purpose other than this litigation, his/her consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and his/her agreement to destroy or to return to the disclosing attorney within twenty (20) days after termination of this litigation (a) all documents and other material containing designated Confidential information and material received by him/her and all copies thereof and (b) all reports, correspondence and other tangible things in his/her possession or control which contain, reference, or describe any Confidential information, or material disclosed to him/her;

(e)   the Court, Court personnel, and court reporters and their staff, as necessary in support of motions, pleadings and other court papers, court proceedings and depositions;

(f)   Outside vendors, such as videographers, duplicating services, and translation services, to the extent necessary for the prosecution or defense of this litigation;

(g)   non-party witnesses who, prior to receiving Confidential information, have received a copy of this Protective Order and signed an agreement (in substantially the form presented in Exhibit A hereto) to be bound by its terms and to refrain from redistributing all such information.   Such lay witnesses shall have access to Confidential information only if the disclosing party has a good faith belief disclosure is necessary and the disclosure is only for purposes limited to participation in this litigation (*i.e.*, testimony, deposition preparation, interviews yielding affidavits or declarations, etc.);

(h)   the authors, originators, or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)   an individual plaintiff; and/or

(j)   a putative class member, so long as the materials and information disclosed relate to that individual's claims (for example, the individual's personnel records, performance reviews, compensation data, and/or documents reflecting the individual's job duties).

7.3    Disclosure of Highly Confidential – Attorneys' Eyes Only Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Highly Confidential – Attorneys' Eyes Only information or material (including any copies thereof, notes made therefrom, and the information contained therein) only to:

(a)   counsel for any party in this action, including in-house counsel, who is engaged in the prosecution or defense of this action;

(b)   paralegal and clerical personnel employed by counsel (including in-house counsel) who are actively engaged in assisting counsel (as described in paragraph 6.2(a)) with the prosecution or defense of this action;

(c)   the Court, Court personnel, and court reporters and their staff, as necessary in support of motions, pleadings and other court papers, court proceedings and depositions;

(d)   Outside vendors, such as videographers, duplicating services, and translation services, to the extent necessary for the prosecution or defense of this litigation;

(e)   experts and consultants to whom disclosure is reasonably necessary for this litigation, but only to the extent that the expert, prior to receiving any Highly Confidential – Attorneys' Eyes Only information or material, has received a copy of this Protective Order and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), including his/her agreement not to divulge any Highly Confidential information or material to any other person, his/her agreement not to use any Highly Confidential information or material for any purpose

other than this litigation, his/her consent to the jurisdiction and contempt power of this Court with respect to the enforcement of the order, and his/her agreement to destroy or to return to the disclosing attorney within twenty (20) days after termination of this litigation (a) all documents and other material containing designated Highly Confidential information and material received by him/her and all copies thereof and (b) all reports, correspondence and other tangible things in his/her possession or control which contain, reference, or describe any Highly Confidential information, or material disclosed to such expert; and

        (f)   any person that a document on its face indicates has seen or been sent the document or a copy of it (prior to the document's production to the receiving party), such as authors, recipients, or signatories, to the extent reasonably and in good faith deemed necessary by counsel for the prosecution or defense of this action.

Nothing in this Protective Order shall be deemed to restrict in any manner the use by any party of its own documents, information, or materials. If a designating party files Confidential or Highly Confidential – Attorneys' Eyes Only information or material, not under seal and without redaction, its designation shall be deemed abandoned. Entry of this Order does not foreclose further agreements by the parties to keep such documents, information, or things confidential or to apply to the Court for protection of other documents, information, or things.

7.4    Disclosure of Highly Confidential – U.S. Citizen Eyes Only Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Highly Confidential – U.S. Citizen Eyes Only information or material (including any copies thereof, notes made therefrom, and the information contained therein) to the categories of individuals set out in Section 7.2 above (unless the document is also designated as Highly Confidential – Attorneys' Eyes Only in which case access would be limited

to those identified in Section 7.3 above) and in accordance with the stated limitations and requirements (e.g., signing an Acknowledgment and Agreement to Be Bound), provided that the disclosing party confirms that each individual who shall have access to the information is a U.S. Citizen and not also a citizen of another country unless special license(s) and/or access by a foreign national have been secured under the appropriate procedures.

7.5  Filing Confidential Material & Highly Confidential Information.  Wherever practicable, before filing confidential or highly confidential (including Attorneys' Eyes Only and U.S. Citizen Eyes Only) material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential or highly confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  In the event such meeting and conferring is not feasible in advance of filing, the filing party shall file the material under seal or in redacted form pending the resolution of such meet and confer.

## 8.  DESIGNATING PROTECTED MATERIAL

8.1  Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent possible and without incurring any undue burden, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.  Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a designating party's attention that information or items that it designated

for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

8.2  <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)  <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "Confidential," "Highly Confidential – Attorneys' Eyes Only," and/or ""Highly Confidential – U.S. Citizen Eyes Only."

(b)  <u>Testimony given in deposition or in other pretrial or trial proceedings:</u> the parties may identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within thirty (30) days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as "Confidential," "Highly Confidential – Attorneys Eyes Only" and/or "Highly Confidential- U.S. Citizen Eyes Only."

(c)  <u>Electronically stored data:</u>  for material stored or recorded in the form of electronic or magnetic media, including information, databases, or programs stored on computers, discs, networks, or tapes, the producing party shall clearly mark the CD-ROM, DVD, or other physical medium containing such electronic data or documents with the appropriate designation.

(d)  <u>Interrogatories and Other Responses:</u>  In the case of interrogatory responses,

responses to requests for admission, written responses to document requests, and the information contained therein, relevant portions thereof shall be treated as Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential – U.S. Citizen Eyes Only in accordance with this Order, and the designation shall be made by means of a statement in the responses specifying that the responses, or specific parts thereof, are designated Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential – U.S. Citizen Eyes Only.

(e) <u>Other tangible items:</u> to the extent possible, the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate label of "Confidential," "Highly Confidential – Attorneys' Eyes Only," and/or ""Highly Confidential – U.S. Citizen Eyes Only." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(f) Where such marking of each piece of such material is impossible or impractical (such as production of groups of documents in native form), the producing party shall designate in writing that information or material that it regards as containing Confidential, Highly Confidential - Attorneys' Eyes Only, and/or Highly Confidential – U.S. Citizen Eyes Only information at the time of its production.

8.3 <u>Inadvertent Failures to Designate.</u> Nothing in this Order shall prevent a producing party, in good faith, from correcting a mistake as to the designation of information that already has been produced to another party in undesignated form or with a different designation. In the event that a producing party fails to designate information as Confidential, Highly Confidential - Attorneys' Eyes Only, or Highly Confidential – U.S. Citizen Eyes Only at the time of production, it may later so designate by notifying the other party in writing. After

receiving notice of any belated designation pursuant to this paragraph, the receiving party shall take reasonable steps to see that the information is thereafter treated in accordance with the designation. No person or party shall incur any liability hereunder with respect to the disclosure of Confidential, Highly Confidential - Attorneys' Eyes Only, or Highly Confidential – U.S. Citizen Eyes Only information that occurred prior to the receipt of written notice of a belated designation.

9.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

9.1     <u>Timing of Challenges.</u>  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

9.2     <u>Meet and Confer.</u>  If a party challenges the confidential designation of any document or information, it shall so notify the designating party in writing and provide that party fifteen (15) calendar days in which to consider the challenge.  The parties agree that, during that period, they will make a good faith effort to resolve any disputes concerning the treatment of Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – U.S. Citizen Eyes Only information or material.  Any challenge regarding confidential designations must include a certification that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

9.3 <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the parties may file a joint letter setting forth their respective positions regarding the confidentiality designation. The burden of persuasion in any such letter shall be on the designating party. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 10. <u>ORDER SHALL NOT OPERATE AS AN ADMISSION</u>

Nothing in this Order or any designation of discovery material as Confidential Highly Confidential - Attorneys' Eyes Only, or Highly Confidential – U.S. Citizen Eyes Only hereunder or any failure to make such designation shall be used or characterized by any party as an admission that any material is or is not (a) subject to discovery, (b) confidential, (c) privileged, (d) authentic, or (e) admissible in evidence at trial or any preliminary proceeding in open court, except for the purposes of this Order. This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product

Furthermore, no party waives its right to object to any requested discovery or to request additional restrictions upon the use and disclosure of certain discovery materials beyond those provided in this Order on the grounds that those discovery materials contain especially sensitive Confidential Information, Highly Confidential - Attorneys' Eyes Only, or Highly Confidential – U.S. Citizen Eyes Only information.

## 11. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – U.S. Citizen Eyes Only" that

party must:

(a)  promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential or highly confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A party may inadvertently produce documents that are privileged, including but not limited to documents protected by the attorney-client privilege, work product doctrine, or mediation privilege (together, all inadvertently produced documents shall be a "Privileged Document").  Pursuant to Fed. Rule of Evid. 502(b), production of a Privileged Document shall not be deemed a waiver of any applicable privilege.  Upon discovery that a Privileged Document has been produced, the producing party shall promptly notify counsel for the other parties who

shall promptly return the Privileged Document and all copies of the Privileged Document.  If a party contends that a Privileged Document has been erroneously designated as such, the party will nevertheless return the Privileged Document and all copies of the Privileged Document to the party asserting the privilege.  The parties reserve the right to contest any determination that a document is privileged or is otherwise protected from disclosure.

**14.**     **NON TERMINATION AND RETURN OF DOCUMENTS**

Within sixty (60) days after the "conclusion of these proceedings" as defined herein, each receiving party must return or destroy all Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – U.S. Citizen Eyes Only material to the producing party, including all copies, extracts, summaries, or compilations. "Conclusion of these proceedings" refers to the conclusion of this matter by trial or final judgment and the exhaustion of available appeals, or the running of time for taking such appeals, as provided by applicable law.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**15.**     **MODIFICATION**

This Order may be modified in the event that the parties agree in writing to a modification of the provisions and such modification is approved by this Court, or upon either party's application to the Court for modification.

16. **RETENTION OF JURISDICTION**

The terms of this Order shall survive any final disposition of this case. The parties and any other person subject to the terms of this Order agree that this Court has and retains jurisdiction.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: August 24, 2017        /s/ Kelly M. Dermody
                                               Kelly M. Dermody (N.M. Fed. Bar No. 17-18)
                                               LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                               Attorneys for Plaintiffs


Dated: August 24, 2017

                                               /s/ Grace E. Speights
                                               Grace E. Speights (*pro hac vice*)
                                               MORGAN, LEWIS & BOCKIUS LLP
                                               Attorneys for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED.


                                               _____
                                               UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED
PROTECTIVE ORDER**

I, _____, of

_____, declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the District of New Mexico on [date] in the case of *Kennicott v. Sandia*

*Corporation,* in the United States District Court for the District of New Mexico, Case 1:17-cv-

00188 JB/GJF.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.  I further agree that

any documents, materials or information furnished to me will be used by me only for the

purposes of this Action, including any appeals, and for no other purpose, and will be promptly

returned by me to the person who furnished such documents materials or information to me upon

the conclusion of the case as set forth in the Stipulated Protective Order.  With respect to

material designated as Highly Confidential – U.S. Citizen Eyes Only, I agree to comply with all

federal laws, regulations, and DOE Orders applicable to the protection of sensitive and

controlled information, including but not limited to U.S. and foreign export control laws and

regulations, and laws, regulations, and U.S. government orders applicable to unclassified

controlled information and unclassified controlled nuclear information.  I agree that documents

produced in this action marked subject to export control laws and/or "Highly Confidential – U.S.

Citizen Eyes Only" shall be considered "U.S. Only" and may only be shared with U.S. citizens

who are not citizens of another country unless special license(s) and/or access by a foreign

national have been secured under the appropriate procedures.

I further agree to submit to the jurisdiction of the United States District Court for the District of New Mexico for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:

Printed name: _____

Signature: _____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 24, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means.

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: */s/ Tiseme G. Zegeye*
      Tiseme G. Zegeye

1366132.1