IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LISA A. KENNICOTT, LISA A. GARCIA,
and SUE C. PHELPS, on behalf of themselves
and a class of those similarly situated,

                Plaintiffs,

v.                                              Case No. 1:17-cv-00188-JB-GJF

SANDIA CORPORATION d/b/a SANDIA
NATIONAL LABORATORIES,

                Defendant.

## SANDIA'S SUPPLEMENTAL POST-HEARING BRIEF
## IN SUPPORT OF SANDIA'S MOTION TO DISMISS STATE LAW CLAIMS

On January 19, 2018, the Court heard oral argument on Defendant's Motion to Dismiss State Law Claims ("Motion to Dismiss") (Doc. No. 14).   During the hearing, the Court expressed concern regarding the proper analysis for determining application of the federal enclave doctrine.  *See, e.g.*, Transcript of 1/19/18 Hearing ("Tr."), relevant parts attached as Exhibit A, at 2-5.  The Court granted Sandia's request to submit a post hearing brief addressing the Court's concerns.  Tr. 27:21 – 28:8 ("I won't certainly turn down any additional thoughts you have about the issues."); *see also*, D.N.M. LR-Civ. 7.4(b) ("The filing of a surreply requires leave of the Court.").   This Supplemental Post-Hearing Brief clarifies Sandia's position regarding how the federal enclave doctrine should be applied in this case to preclude Plaintiffs' state law claims.[1]

---

[1]  Instead of reiterating all of the points Sandia made in its previous briefs addressed to the same subject, and in the interest of brevity, this Supplemental Brief is limited to further explaining the position Sandia took in its Response to Plaintiffs' Supplemental Submission in Support of Plaintiffs' Opposition to Defendant's Motion To Dismiss State Law Claims ("Sandia's Supplemental Response") (Doc. No. 65) and the position Sandia took at the January 19 hearing.

The primary basis of Sandia's motion to dismiss state law claims is this Court's decision in *Benavidez v. Sandia National Laboratories, et al.*, 212 F. Supp. 3d 1039, 1094-1097 (D.N.M. 2016) which appropriately determined that a plaintiff cannot pursue state law claims stemming from employment on Kirkland Air Force Base ("KAFB") under the federal enclave doctrine. That decision is sound.   In responding to Defendants' Motion to Dismiss State Law Claims, Plaintiffs asserted that under *Camargo v. Gino Morena Enters., L.L.C.*, 2010 WL 3516186, at * 2 (W.D. Tex., Sept. 2, 2010), the determining factor is the place where the alleged discriminatory decision was made.

In supplemental briefing on the motion to dismiss, Sandia responded to Plaintiffs' reliance on *Camargo* by stating that even under *Camargo* dismissal is appropriate because the place where Plaintiffs worked is the same as the "locus of decision-making."  *Camargo v. Gino Morena Enters., L.L.C.*, 2010 WL 3516186, at * 2 (W.D. Tex., Sept. 2, 2010).  At the January 19 hearing, the Court questioned Sandia's reliance on *Camargo* which applied a different analysis than the one used by this Court in *Benavidez*.  Sandia did not abandon the rationale in *Benavidez* and continues to maintain that the determining factor for applying the federal enclave doctrine is the place where a plaintiff worked because that is the place where the alleged injury occurred. Sandia's arguments around *Camargo* were simply intended to convey that even if *Camargo* set forth the applicable standard, dismissal is still appropriate because all relevant decisions occurred on KAFB where Plaintiffs were employed throughout their careers.  (*See* Compl., (Doc. No. 1), ¶¶ 5-7.) Regardless of which analysis applies, Plaintiffs' state law claims are barred by the federal enclave doctrine and should be dismissed.

1.     *Because Plaintiffs worked on KAFB, the federal enclave doctrine applies.*

In this case, the federal enclave issue was first presented to the Court in Sandia's Rule 12 Motion to Dismiss.  The argument was simple:  "Throughout their employment with Sandia, Plaintiffs have worked on Kirtland Airforce Base.  Kirtland Airforce Base is a federal enclave." (Motion to Dismiss at 2 (citation omitted).)  Both this Court and the Tenth Circuit have ruled that state law claims are precluded when the plaintiff worked on KAFB.  *See Benavidez v. Sandia National Laboratories*, 212 F. Supp. 3d 1039, 1094-1097 (D.N.M. 2016); *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1236 (10th Cir. 2012); *Perkins v. Chugach Management Servs.,* 2015 WL 13666993 (D.N.M. Feb. 18, 2015) (dismissing New Mexico Human Rights Act claims where "employment activities" occurred entirely on KAFB); *see also, Ramos v C. Ortiz Corp.*, 2016 WL 10571684 (D.N.M. May 20, 2016) (federal enclave doctrine provides federal jurisdiction where personal injury occurred on White Sands Missile Range).[2]  Sandia has never abandoned its simple argument.

2.     *Because KAFB is the locus of decision-making, the federal enclave doctrine applies.*

In response to Sandia's Motion to Dismiss, Plaintiffs argued that because this case purports to be a class action, the Court should look *not* to the place where the class representatives worked, but rather to the place where the policies they challenge were made. (*See* Pl.'s Opposition Mot. Dismiss State Law Claims & Mot. Conduct Jurisdictional Disc. ("Pl's Resp.") (Doc. No. 18), at 1, 5-6.)  Plaintiffs cited *Camargo* for the proposition that "[f]ederal enclave jurisdiction is based on the locus of the relevant decision-making."  (*Id*. at 1-2).

---

[2]   That Plaintiffs are asserting class claims does not change this result.  The federal enclave doctrine is grounded in the constitutional principle that Congress has exclusive authority over federal lands.  *Benavidez*, 212 F. Supp. 3d at 1094-95.  As a result, employees employed on the federal enclave do not have the benefit of state statutes that apply outside of the enclave, regardless of how they choose to style their claims.

Plaintiffs made the same argument in Plaintiffs' Supplemental Submission in Support of Plaintiffs' [sic] Opposition to Defendant's Motion to Dismiss State Law Claims ("Plaintiffs' Supplemental Brief") (Doc. No. 60), at 2.   In Plaintiffs' view, if "final approval of all HR policies[] has been located off base at IPOC," the federal enclave doctrine does not preclude their state law claims.  (*Id*. at 4.)

In its Reply in Support of Sandia's Motion to Dismiss State Law Claims ("Reply") (Doc. No. 20), Sandia addressed this argument by explaining that, even if *Camargo* applied, Plaintiffs' class claims do not challenge the policies and practices themselves but rather the operationalization of those policies by first-line managers.   Specifically, Plaintiffs' "claims center on how those alleged policies were implemented by their managers on Kirtland Air Force Base." (Reply at 4, fn.2.)  In its Supplemental Response, Sandia reiterated that ". . . each of the named plaintiffs worked or works on the Kirtland Air Force Base and any decisions they are challenging occurred there."  (Sandia's Supp. Resp. at 5.)  Therefore, whether the Court looks to where Plaintiffs worked or where the decisions were made, the result is the same – dismissal is appropriate.

**3.**     ***Under both* Benavidez *and* Camargo*, the result is the same.***

At the January 19 hearing, the Court expressed concern about whether the Federal District Court for the Western District of Texas, in *Camargo*, applied an analysis of the federal enclave doctrine that would also apply to state law claims brought in New Mexico.  (Tr. at 4-5.) The Court need not answer that question in this case because the result is the same whether the *Camargo* rationale is applicable in New Mexico or not.  Plaintiffs worked inside KAFB, so the federal enclave doctrine applies under *Allison*, *Benavidez*, and *Perkins*.  Alternatively, because the decisions Plaintiffs challenge occurred inside KAFB, the federal enclave doctrine applies

under the rationale used in *Camargo*. In either case, Plaintiffs cannot pursue their state law claims in this lawsuit, and the Court should dismiss them.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By____/s/ Jeffrey L. Lowry_____
   Scott D. Gordon
   Theresa W. Parrish
   Jeffrey L. Lowry
   Stephanie L. Latimer
Post Office Box 1888
Albuquerque, NM  87103-1888
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395
sgordon@rodey.com / tparrish@rodey.com
jlowry@rodey.com / slatimer@rodey.com
*Attorneys for Defendant Sandia Corporation*

MORGAN, LEWIS & BOCKIUS LLP

By__*Approved Electronically*_____
   Grace E. Speights
   Michael S. Burkhardt
   Krissy A. Katzenstein
1111 Pennsylvania Avenue, NW
Washington, DC  20004-2541
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001
grace.speights@morganlewis.com
michael.burkhardt@morganlewis.com
krissy.katzenstein@morganlewis.com
*Attorneys for Defendant Sandia Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By____*/s/ Jeffrey L. Lowry*_____
   Jeffrey L. Lowry