```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF NEW MEXICO

 3

 4   LISA A. KENNICOTT, et al.,

 5        Plaintiffs,

 6        VS.                             NO. CV 17-0188 JB/GJF

 7   SANDIA CORPORATION,

 8        Defendant.

 9

10

11        Transcript of Motion Proceedings before
     The Honorable James O. Browning, United States
12   District Judge, Albuquerque, Bernalillo County,
     New Mexico, commencing on January 19, 2018.
13

14   For the Plaintiffs (Via telephone):  Ms. Anne Shaver;
     Ms. Kelly Dermody; Mr. David Lopez
15
     For the Defendant:  Mr. Scott Gordon; Ms. Krissy
16   Katzenstein; Ms. Cindy Lovato-Farmer

17

18

19
                 Jennifer Bean, FAPR, RDR, RMR, CCR
20                  United States Court Reporter
                    Certified Realtime Reporter
21                      333 Lomas, Northwest
                        Albuquerque, NM  87102
22                  Phone:  (505) 348-2283
                     Fax:  (505) 843-9492
23

24

25                    Exhibit A
```



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

Bean & Associates, Inc.
PROFESSIONAL COURT REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1               THE COURT:  Good morning everyone.  I
2    appreciate everyone making themselves available to me
3    this morning.
4               All right.  The court will call Lisa A.
5    Kennicott, et al.  versus Sandia Corporation, case
6    No. 1:17-CV-0188 JB/GJF.
7               If counsel will enter their appearances for
8    the plaintiffs.
9               MS. SHAVER:  Good morning, Your Honor.
10   This is Anne Shaver from Lieff, Cabraser, Heimann &
11   Bernstein for the plaintiff.  And with me on the line
12   is my partner, Kelly Dermody, and our co-counsel
13   David Lopez of Outten & Golden.
14              THE COURT:  All right.  Ms. Shaver,
15   Ms. Dermody, and Mr. Lopez, good morning to you.
16              And for the defendant.
17              MR. GORDON:  Yes, Your Honor.  Here for
18   Sandia, I'm Scott Gordon of the Rodey Law Firm.  Also
19   with me today is Krissy Katzenstein from the Morgan
20   Lewis firm, also representing Sandia, and Cindy
21   Lovato-Farmer, in-house counsel for Sandia.
22              THE COURT:  All right.  Mr. Gordon, Ms.
23   Katzenstein, Ms. Lovato-Farmer, good morning to you.
24              Well, two things:  One, there was a
25   question, I think, Ms. Shaver asked yesterday about

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   discovery disputes.  I did go down -- or go up to my
 2   chambers after I was done yesterday, and called Judge
 3   Fouratt, and asked him how he would like to handle
 4   it.  And he says what he would prefer is that, if
 5   there is a discovery dispute, obviously, y'all talk
 6   about it; but then one side send an email to him
 7   indicating what the dispute is, and the other side
 8   then respond briefly on both of them.  And then
 9   he'll, I think, set up some sort of telephone
10   conference.  I'm sure that his rule is probably the
11   same as mine; that, if you feel like you need to
12   brief something, you're welcome to do it.  But that
13   would be his preference.  So I pass that on to you.
14              Let me give you a few thoughts about the
15   motion that we're going to discuss today.  I guess I
16   was surprised that Sandia and the plaintiffs -- but
17   particularly Sandia -- were agreeing as to what the
18   standard here is.  And I'm looking for it.  I think
19   both of you put it in your brief that it's this
20   Eastern District of Texas -- I guess Western District
21   Texas, this Camargo case from the Western District
22   that, "For federal enclave doctrine to apply, in
23   employment discrimination cases, the adverse
24   employment decision must have been made on federal
25   territory, because the locus of decisionmaking is
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  where such a tort arises."  I have not studied that
2  case.  There may be a host of Supreme Court and
3  Circuit Court cases that say that's clear, and that
4  was the reason everybody chose to cite a district
5  court case.  But I guess I was a little bit surprised
6  by that.
7           If you had just asked me what I thought
8  probably the law was for torts, it would be where the
9  damage, injury occurred, and where the employees
10 worked, in an employment case.  So it would be much
11 like analogizing it to a choice of law, is that you
12 don't look to necessarily where the decision was
13 made; you would look at where the injury occurred.
14          And so, particularly in New Mexico, being a
15 Restatement 1 situation, you would look at where the
16 injury occurred.  And it seemed to me in an
17 employment case it would be where the employee is
18 housed.  And so that would be what would govern is
19 where does the employee work?  Where did the injury
20 occur?
21          Now, when I look at this case from Texas, I
22 don't know if there is something peculiar about the
23 choice of law provisions in Texas, or whatever the
24 law was that they were evaluating.  But when they say
25 the locus of decisionmaking is where such a tort

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  arises, I'm not sure that would be true for New
2  Mexico law.  And I think it would be where the injury
3  occurred.  And I think, even if you did a restatement
4  second analysis choice of law -- and choice of law
5  may not be an appropriate analogy, or may not be
6  directly applicable but I think it's a useful
7  analysis -- I think you still would end up with where
8  the employee is.
9             So I guess I'm surprised, not so much that
10 the plaintiffs are arguing for this case and this
11 law, but I guess I'm a little surprised Sandia
12 readily agrees to it.
13            And then, secondly, it seems to me that,
14 looking fairly at the evidence that's been presented,
15 it seems to me decisions are made off the federal
16 enclave, and they're made on the federal enclave.
17 They're made all over the place.  And so it may not
18 be easily determined exactly where a particular
19 decision is made.  You may have some employees that
20 we can definitively say the decision as to that
21 employee was made on the enclave.  And then others,
22 may have been that some decisions, at least, were
23 made that affected that employee off the enclave.  So
24 you end up with things being done on the enclave and
25 not on the enclave.  It's not a clear-cut issue

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

Bean & Associates, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   jurisdictional issue, then I think I can engage in
 2   some fact-finding.  Or is this a substantive law
 3   issue that is more in the nature of a motion for
 4   summary judgment, and I have to leave all the factual
 5   disputes for trial, if they're material.
 6             So I think I've got a fair amount of work
 7   to do on this.  And it's not postured kind of easily
 8   to probably get an opinion out to you just promptly,
 9   particularly given that I'm heading down to Las
10   Cruces for a two-month trial starting on Monday, and
11   then -- a week from Monday, and then come right out
12   of it and start another one down there.  So it may
13   take a while for me to look at these issues and get
14   an opinion to you.  But I'll try to get it as soon as
15   possible.
16             All right.  Is there anything else we need
17   to discuss while we're together?  Anything else I can
18   do for you?  Ms. Shaver?
19             MS. SHAVER:  No, Your Honor.  Thank you.
20             THE COURT:  Mr. Gordon?
21             MR. GORDON:  Just one idea, Judge:  If Your
22   Honor wants us to posture it better, we could submit
23   post-hearing briefs analyzing it in terms of the
24   jurisdictional issue, if there is one, Rule 56, and
25   whatever else the Court thinks is helpful.
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


Bean & Associates, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1     THE COURT: Well, I won't certainly turn
2  down any additional thoughts you have about the
3  issues. So I certainly won't shut the door. I don't
4  think that it probably makes a lot of sense for us to
5  spend a whole bunch more time trying to reconstruct
6  things. I probably just need to sit down and draft
7  some opinion. But I certainly won't -- if you have
8  additional thoughts -- shut the door to it.
9     But I am correct: You are consenting to
10 convert this to a motion for summary judgment, if I
11 decide that that's the appropriate way?
12     MR. GORDON: Yes, sir.
13     THE COURT: All right.
14     MS. SHAVER: Yes, Your Honor.
15     THE COURT: All right. I appreciate
16 y'all's presentations. Be a little patient with me
17 as I try to get through these series of two-month
18 trials. So I'll try to get something to you as soon
19 as possible. But be a little bit patient with me, if
20 these things go. It's kind of hard to get a lot of
21 other things done during that period of time.
22     All right. Y'all have a good weekend.
23 Thank you for your presentations.
24     (The Court was adjourned.)
25

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


Bean & Associates, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com