**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**Before the Honorable Gregory J. Fouratt**
**United States Magistrate Judge**

**Clerk's Minutes**

**CIV 17-188 JB/GJF**

*Kennicott et al. v. Sandia Corp.*

**Date of Hearing: 5/2/2018**
*(recorded)*

| | |
|---|---|
| **Attorneys for Plaintiffs**: | Anne Shaver (argued) |
| | Tiseme Zegeye |
| **Attorneys for Defendant**: | Michael Burkhardt (argued) |
| | Ali Kliment |
| | Scott Gordon |
| | Cindy Lovato-Farmer |
| **Proceedings**: | Hearing on Plaintiffs' Motion to Compel [ECF No. 93] |
| *Start Time*: | 1:30 p.m. |
| *Stop Time*: | 3:40 p.m. |
| **Total Time:** | **2 hours and 10 minutes** |
| **Clerk**: | SRR |

**Notes**:
- The Court made introductions.
- The Court stated that the purpose of today's hearing is to resolve Plaintiffs' Motion to Compel ("Motion") [ECF No. 93]. The Court noted that it had reviewed the briefing and attached exhibits and had an extensive set of questions necessary to complete its education on the issue.
- The Court next stated that it understood the dispute about Plaintiffs' Request for Production ("RFP") No. 21 had been substantially narrowed after the parties met and conferred. The Court understood the remaining disputed issue was limited to (1) whether Defendant must produce complaints filed by female employees regarding sexual harassment, gender-based hostile work environment, pregnancy discrimination, and retaliation for raising those varieties of gender discrimination, and (2) whether Defendant must produce full investigation files, summaries of the files, or just the complaint log that Defendant already produced. The Court asked Ms. Shaver whether the Court's framing

1

- of the narrowed issue was accurate. Ms. Shaver stated that it was almost accurate, but that she understood the dispute regarding the extent of production to be about whether Defendant must produce the full investigation file for a complaint or just the summary of that file, because Defendant had already produced the log. Because the log had already been produced, it was not at issue. Apart from the scope of the complaints, the only other issue is whether Defendant must produce the full investigation files or just the investigation summaries.
- The Court asked Mr. Burkhardt whether the Court's framing of the narrowed issue, as clarified by Ms. Shaver, was accurate. Mr. Burkhardt stated that it was, except that Plaintiffs are also requesting complaints concerning gender discrimination retaliation in general, not necessarily just concerning retaliation for complaining about one of the three varieties of gender discrimination that the Court previously enumerated. Mr. Burkhardt emphasized that, as of yet, there is no class claim of retaliation.
- The Court clarified that also at issue today is whether Defendant must disclose complaints about any claim of retaliation associated with a female employee raising any variety of gender discrimination, whether it is classic gender discrimination, pregnancy discrimination, sexual harassment, or gender-based hostile work environment.
- The Court questioned counsel regarding other RFPs not at issue in the Motion that requested discovery that may have similarities in subject matter to the discovery requested by Plaintiffs' RFP No. 21.
- The Court next turned to the threshold issue of relevance under Rule 26(b)(1), stating that the parties do not agree regarding which party bears the burden of proving the relevance, or lack thereof, of the requested discovery. The Court noted that Plaintiffs cited to *Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 688 (D. Kan. 2007), on this point, but the Court concluded that it would be more prudent to look to Judge Browning's previous decisions regarding relevance. The Court referred to *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360 (D.N.M. 2018), for guidance. According to *Landry*, "[t]he burden of demonstrating relevance remains on the party seeking discovery[.]" *Id.* at 381. Based on *Landry* and the general rule that the party seeking discovery has the burden of proving its relevance, the Court concluded that it was Plaintiffs' burden to demonstrate the relevance of the discovery they seek.
- The Court turned next to the issue of whether the complaint includes a class claim for retaliation. Ms. Shaver conceded that there was no retaliation cause of action pled in the complaint, but emphasized that the complaint included references to Sandia retaliating against female employees who complain of gender discrimination and set forth as a common issue of law or fact for the putative class whether Sandia does so. After extensive argument by the parties, the Court next asked Ms. Shaver whether Plaintiffs' Complaint put Defendant on notice that retaliation is a class claim. Ms. Shaver stated that paragraphs one and forty-four of their Complaint put Defendant on notice that retaliation is a class claim. Mr. Burkhardt disagreed, stating that at best, Defendant is on notice that Ms. Kennicott is alleging an individual claim for retaliation, as opposed to it being a class claim.
- The Court noted that it did not need to decide whether there is a class retaliation claim for the purpose of resolving this discovery dispute. The Court stated that its responsibility is to decide whether Plaintiffs have carried their burden of showing that evidence of retaliation, as it relates to gender discrimination in pay, promotions, and performance

evaluations, is relevant for the purposes of discovery. The Court concluded that Plaintiffs have so carried their burden.
- The Court then turned to paragraph one of Plaintiffs' Reply, noting that it used specific language that does not appear in the Complaint or the Motion. The Court expressed its concern that Plaintiffs waited until their reply brief to use terms like "sexualizing" and "bullying" to characterize Defendant's alleged actions, when there was no mention of such conduct either in the complaint or the opening motion.
- The Court turned next to the issue of whether Plaintiffs have sufficiently proven that complaints relating to pregnancy discrimination, sexual harassment, gender-based hostile work environment, and retaliation for complaining about those three concepts are relevant to the lawsuit.
- Ms. Shaver stated that Plaintiffs' allegation is that there is a cultural problem at Sandia with respect to female employees raising complaints and then being retaliated against because they raised the complaints, as demonstrated by Ms. Kennicott's experience. Ms. Shaver stated that the discovery Plaintiffs seek is relevant to the case because it will assist Plaintiffs in proving their prima facie case of gender discrimination, including that such discrimination is standard operating procedure for Defendant. Ms. Shaver also stated that the requested discovery is relevant to Rule 23(a) commonality, and three of Defendant's affirmative defenses.
- After additional discussion between the Court and Ms. Shaver concerning Plaintiffs' need for discovery about pregnancy discrimination complaints, Mr. Burkhardt stated that there is nothing in Plaintiffs' Complaint about pregnancy impacting a female employee's promotions, pay, or performance evaluations, and that the named Plaintiffs did not allege pregnancy discrimination. Mr. Burkhardt argued that Plaintiffs' lawsuit concerns Sandia's performance evaluation system being invalid, which has nothing to do with any claims of pregnancy discrimination. Mr. Burkhardt asserted that the named Plaintiffs must have standing for their claims, and that "there is no such thing as" a generic claim for gender discrimination.
- The Court responded that evidence that is relevant for discovery purposes may not always be directly linked to a paragraph or sentence in the Complaint, but that evidence can still be relevant. The Court additionally observed that Plaintiffs' theory is that every form of gender discrimination against female employees is relevant to the claims in the lawsuit because it is conceivable that with the information Plaintiffs seek, Plaintiffs could prove systematic discrimination against female employees that is most prominently manifested in their pay, promotion prospects, and performance evaluations.
- The Court then asked Ms. Shaver if it is Plaintiffs' theory that female employees complaining of sexual harassment experience retaliation, which manifests itself in a negative impact upon promotions, pay, and performance evaluations. She responded that the Court's description is one theory of their case with respect to sexual harassment.
- After extensive argument by the parties, the Court concluded that complaints concerning pregnancy discrimination, sexual harassment, gender-based hostile work environment, and retaliation are relevant to Plaintiffs' allegation that Defendant has a pattern and practice of discriminating against women on the basis of gender and that discrimination manifests itself in how women are evaluated, promoted, and paid by Defendant.
- The Court then discussed the complaint log that Defendant produced in response to Plaintiffs' RFP No. 21. The Court asked Mr. Burkhardt what information or files were

reviewed to include in the log or exclude therefrom. Mr. Burkhardt responded that Defendant has a system to collect all employment complaints, and someone reviewed the complaints to decide if they would go in the log.

- The Court then asked Mr. Burkhardt how Defendant defined "gender discrimination" to determine which complaints were responsive to Plaintiffs' RFP No. 21. Mr. Burkhardt stated that any complaint made by a female employee that she was treated differently as compared to a male colleague and that the different treatment concerned promotions, pay, and/or performance evaluations would have been summarized in the log. Mr. Burkhardt confirmed that Defendant did not produce any complaints that concerned solely retaliation, sexual harassment, hostile work environment, or pregnancy discrimination if those complaints did not also refer to concerns about promotions, pay, and/or performance evaluations.
- The Court next asked Mr. Burkhardt whether a person read the complaints to construct the log, and Mr. Burkhardt responded affirmatively.
- The Court asked how many complaints were reviewed to construct the log, and Mr. Burkhardt responded that he did not know.
- The Court asked Mr. Burkhardt how many complaints there are, from January 1, 2012, to the present, in which female employees alleged only sexual harassment, gender-based hostile work environment, pregnancy discrimination, or retaliation. Mr. Burkhardt did not know.
- On behalf of Sandia, Ms. Lovato-Farmer stated that she would attempt to obtain and provide to the Court during the hearing the information for which the Court was asking.
- The Court next asked Mr. Burkhardt how many complaints in the log also had resulted in investigation summaries, and whether Defendant had disclosed the summaries. Mr. Burkhardt responded that it disclosed the full investigation files, including the summaries, only for the named plaintiffs. Ms. Shaver confirmed that, other than the full investigation files for the named plaintiffs, Plaintiffs received only the complaint log.
- Mr. Burkhardt reiterated Defendant's position that the complaints and investigative files Plaintiffs seek are not relevant to the class claims because Plaintiffs' theory is that the evaluation system itself is invalid.
- The Court then repeated Plaintiffs' theory that the discovery they seek is relevant to whether there is an overall culture at Sandia of gender discrimination that most prominently manifests itself in disparities in promotions, pay, and performance evaluations.
- The Court then took a brief recess so that Ms. Lovato-Farmer could continue to search for the information the Court was asking for with respect to how the complaint log was constructed.

- *The Court recessed at 3:09 p.m.*

- *The Court resumed at 3:20 p.m.*

- When the hearing resumed, the Court asked Ms. Lovato-Farmer if she was able to locate the information the Court needed, and she responded no.
- Mr. Burkhardt stated that he spoke with one of his partners about how the log was constructed, and he did not know how many complaints were reviewed to compile the

4

log. Mr. Burkhardt reiterated that the information in the log is from Defendant's documents.
- The Court asked whether the complaints can be searched by using identifiers for different theories of discrimination liability. Ms. Lovato-Farmer responded no.
- The Court stated that it felt there was substantial merit in Defendant's primary argument that the Complaint, as it is currently drafted, does not include class claims that employees were subjected to sexual harassment, gender-based hostile work environment, pregnancy discrimination, or retaliation. The Court additionally observed that, when the litigation of the motion to certify the class eventually ensues, Defendant may be correct that nothing Plaintiffs seek through the now-narrowed RFP No. 21 will have assisted them in the prosecution of their class claims. However, the Court concluded that at least at this stage in the litigation, it must be mindful of what the parties need to have a fair fight as to whether the disputed information should affect the certification of the class or be admissible at trial. The Court opined that Plaintiffs needed this information to have that fight. The Court expressed that this was an extremely close case and that the disputed information was at the outermost bounds of what the Court considered to be relevant to the allegations in the complaint, even for discovery purposes.
- The Court **FOUND** that there is potential evidence in the disputed categories of complaints filed by female employees asserting pregnancy discrimination, sexual harassment, gender-based hostile work environment, and retaliation, which could inform or support Plaintiffs' claim that there is a culture of gender discrimination at Sandia that is most prominently manifested in pay, promotions, and performance evaluations.
- The Court further **FOUND** that Plaintiffs, though only by the thinnest margin, had carried their burden of showing that this discovery is relevant to their claims.
- The Court also **FOUND** that based on the information provided to it both in briefing and in argument, production of the full investigation files for those complaints is proportional, and the full files should be disclosed subject to the protective order that has been entered in this case. The Court observed that someone reviewed the complaints at issue to generate the log that Defendant produced, and the Court did not believe that its order would impose an undue burden upon Defendant. The Court emphasized that Defendant had not raised undue burden as an argument nor had it demonstrated that any undue burden existed. The Court concluded that disclosing the full investigative files would not add unreasonably to Defendant's overall discovery burden.
- The Court reminded the parties that it earlier in the hearing had also **FOUND** that Plaintiffs had carried their burden of showing that retaliation complaints filed by female employees who had complained of classic gender discrimination are also relevant to this lawsuit for the purposes of discovery.
- The Court informed the parties that it would soon issue a written decision memorializing its decision, but that the parties could begin to adapt to and comply with the Court's decisions as announced on the record.
- The Court further **FOUND** under Federal Rule of Civil Procedure 37 that each side had a substantially justified position in an extraordinarily close dispute. Consequently, and mindful that neither party had requested its attorneys' fees, the Court declined to award attorneys' fees to either party.
- The Court raised two additional topics that it wished to discuss with the parties.

- First, the Court confirmed with the parties that a telephonic status conference at the end of June would be helpful in monitoring discovery progress and the case schedule. The Court requested that the parties begin to number their joint status discovery reports, and they agreed to do so.
- The Court observed that Plaintiffs' deadline to file an amended complaint will have passed prior to that telephonic status conference. The Court asked Ms. Shaver whether Plaintiffs intend to amend their Complaint. Ms. Shaver stated that Plaintiffs are considering amending their Complaint.
- The Court next raised the issue of a possible settlement conference. The Court reminded the parties that, in their original Joint Status Report, they had stated that it was necessary before a settlement conference to conduct some amount of discovery and for the Court to have decided the motion to dismiss state law claims. The Court observed that both of those pre-conditions appear to have been met and asked whether the parties wanted a settlement conference, and if so, when to schedule it. Ms. Shaver stated Plaintiffs will not be in a good position to engage in settlement discussions until they have analyzed the data that Defendant disclosed on April 27, 2018. Mr. Burkhardt stated that, until the issue of class certification is resolved, or until the Plaintiffs have obtained sufficient discovery to question whether their class certification would be granted, a settlement conference likely would not be productive. Mr. Burkhardt offered that counsel for the parties should continue to talk about the prospects of settlement between themselves first before a settlement conference with the Court should be scheduled.
- The Court asked the parties if they had anything further to bring to the Court's attention. Both replied in the negative.

- *The Court adjourned.*