# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

LISA A. KENNICOTT, LISA A.
GARCIA, and SUE C. PHELPS, on behalf
of themselves and a class of those similarly
situated,

        Plaintiffs,

v.                                                                       Civ. No. 17-188 JB/GJF

SANDIA CORPORATION d/b/a SANDIA
NATIONAL LABORATORIES,

        Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

This matter is before the Court upon Plaintiffs' Motion to Compel ("Motion") [ECF No. 93], filed on March 5, 2018. Defendant responded on March 19, 2018 [ECF No. 99], and Plaintiffs replied on April 2, 2018 [ECF No. 107]. The Motion concerned Plaintiffs' Request for Production ("RFP") No. 21. Following the parties' meeting and conferral about that discovery request, Plaintiffs narrowed the scope of the RFP to only those complaints made by Defendant's female employees regarding gender discrimination, pregnancy discrimination, sexual harassment, gender-based hostile work environment, and/or retaliation for making any of the foregoing complaints. Plaintiffs also seek through the RFP the complete investigative files for any complaints within the specified categories.

At the conclusion of a lengthy telephonic hearing on May 2, 2018, the Court granted the Motion.[1] The Court herein incorporates by reference the reasons it set forth during the hearing, along with the additional reasons that follow below.

---

[1] The Court filed extensive minutes from that hearing. ECF No. 111. In addition, the Court has advised the parties that an audio-recording of the hearing is available through the Clerk of the Court in the event either side wishes to have a transcript prepared.

1

## A. THE PARTIES' ARGUMENTS

Plaintiffs' primary argument is that the discovery they seek is relevant under Federal Rule of Civil Procedure 26(b)(1) because "gender discrimination" includes not only classic or traditional gender discrimination, but also includes pregnancy discrimination, sexual harassment, gender-based hostile work environment, and retaliation. Plaintiffs emphasize that their complaint alleges in broad strokes that Sandia implemented or tolerated a broad pattern and practice of gender discrimination that manifested itself most visibly in lower pay, fewer opportunities for promotion, and less positive performance evaluations for female employees. Plaintiffs insist that the disputed discovery is necessary to support their future request that the Court certify a class in this case.

For its part, Defendant responds that Plaintiffs' complaint does not allege pregnancy discrimination, sexual harassment, or gender-based hostile work environment, nor does it allege retaliation on a class basis. Therefore, Defendant contends, none of the discovery that Plaintiffs seek through RFP No. 21 is relevant even under the less-stringent standard of relevance contemplated in Rule 26(b)(1). Defendant maintains that Plaintiffs' lawsuit principally revolves around whether Defendant's performance evaluation, pay, and promotion systems either intentionally or in effect discriminate against female employees, a structural attack that in no way relates to unpled claims of pregnancy discrimination, sexual harassment, gender-based hostile work environment, or retaliation.

## B. THE LAW

Federal Rule of Civil Procedure 26(b) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

> resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Relevant evidence is that which has "any tendency to make a fact more or less probable than it would be without the evidence," where "the fact is of consequence in determining the action." FED. R. EVID. 401. The Court "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

The scope of discovery under Rule 26 is broad, but a district court is not "required to permit [a] plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018) (Browning, J.) (quoting *McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002) (unpublished)). Instead of a fishing expedition, discovery "is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Id.* at 376 (quoting *Rivera v. DJO, LLC*, No. 11-1119, 2012 WL 3860744, at *1 (D.N.M. August 27, 2012) (Browning, J.). "The burden of demonstrating relevance remains on the party seeking discovery, and the newly revised rule 'does not place on the party seeking discovery the burden of addressing all proportionality considerations.'" *Benavidez v. Sandia Nat'l Laboratories*, 319 F.R.D. 696, 719 (D.N.M. 2017) (Browning, J.).

"In employment discrimination cases, 'courts have generously construed the term 'relevant' and have afforded [EEOC] access to virtually any material that might cast light on the

allegations against the employer.'" *E.E.O.C. v. Outback Steakhouse of Fla., Inc.*, 251 F.R.D. 603, 612 (D. Colo. 2008) (quoting *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 68–69 (1984)). *See also Chen-Oster v. Goldman, Sachs & Co*, 293 F.R.D. 557, 562 (S.D.N.Y. 2013) ("[C]ourts typically apply more liberal civil discovery rules in employment discrimination cases, giving plaintiffs broad access to employers' records in an effort to document their claims.") (internal citations and quotation marks omitted).

The Tenth Circuit has concluded that information that is "relevant in an EEOC inquiry is equally relevant in a private action." *Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir. 1975). It has also emphasized that it does not "narrowly circumscribe discovery in EEOC cases." *Id*. "The scope of discovery 'is limited only by relevance and burdensomeness, and in an EEOC case the discovery scope is extensive.'" *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir. 1980) (quoting *Rich*, 522 F.2d at 343). Or, as one district court explained:

> As Title VII cases are particularly hard to prove in the absence of a proverbial smoking gun, such as a discriminatory comment made by a hiring official, discovery in these cases is necessarily broad. Broader discovery is warranted when a plaintiff's claims are premised on a pattern or practice of discrimination at the organization-wide level, as opposed to specific allegations of discrimination made against an individual supervisor.

*Chen-Oster*, 293 F.R.D. at 562 (internal citations omitted).

The scope of discovery in a Title VII employment discrimination class action case is even broader, in part because the requirements of Rule 23 constitute a high standard for the plaintiffs to overcome to have their class certified. To satisfy the requirements for class certification under Rule 23(a), plaintiffs must demonstrate that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

4

and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a).

After complying with all four requirements of Rule 23(a), a plaintiff must also satisfy the preconditions for one of the types of class actions set forth in Rule 23(b). According to Rule 23(b):

> A class action may be maintained if Rule 23(a) is satisfied and if:
>
>> (1) prosecuting separate actions by or against individual class members would create a risk of:
>>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>> (D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23.

The Supreme Court has emphasized that commonality also "requires the plaintiff to demonstrate that the class members have suffered the same injury[.]" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (internal citation and quotation marks omitted). However,

as *Dukes* explained, the claim that employees "have suffered a Title VII injury, or even a disparate-impact Title VII injury, gives no cause to believe that all their claims can productively be litigated at once. Their claims must depend upon a common contention[.]" *Id*. at 350. That common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*.

In *Rich v. Martin Marietta Corp.*, the Tenth Circuit considered a case alleging discrimination in promotions, both on behalf of the plaintiffs individually and the class, which was dismissed by the district court for failure to prove a prima facie case. *See* 522 F.2d at 335-36. Addressing the scope of discovery, the *Rich* court deemed it "necessary" for the plaintiffs in that case to have access to "plant-wide statistics and facts," "for they very likely would prove crucial to the establishing or failure to establish a prima facie case." *Id*. at 344. *Rich* cited *Woods v. North American Rockwell Corp.*, 480 F.2d 644 (10th Cir. 1973), which concerned a disparate impact claim, and held that "the plaintiff was required to demonstrate with statistics or otherwise the discriminatory effect of the promotion test." *Id*. at 345. *Rich* continued, "If it is true that the immediate evidence and circumstances pertaining to the plaintiffs are not sufficient to constitute a prima facie case, plant-wide statistics and department statistics are of the highest relevance." *Id*. (internal citation omitted).

**C.     FINDINGS AND CONCLUSIONS**

1. For discovery purposes, there may be relevant evidence in complaints filed by Defendant's female employees asserting pregnancy discrimination, sexual harassment, gender-based hostile work environment, and retaliation for making these categories of complaints, which could inform or support Plaintiffs' claim

6

that there is a culture of gender discrimination at Sandia that is most prominently manifested in pay, promotions, and performance evaluations.

2. Plaintiffs carried their burden of showing that complaints by Defendant's female employees asserting pregnancy discrimination, sexual harassment, gender-based hostile work environment, and retaliation for making these complaints are relevant to their claims.

3. Plaintiffs carried their burden of showing that retaliation complaints filed by female employees who had complained of classic or traditional gender discrimination are also relevant to this lawsuit for the purposes of discovery.

4. The disputed discovery is potentially relevant not just to the individual and class claims currently pled in the Complaint but also to the extensive factual showing that Plaintiffs must someday make to convince the presiding judge to certify a class in this case under Rule 23.[2]

5. Based on the information provided to the Court in briefing and during the hearing, production of the full investigation files for the requested complaints is proportional, and the full files shall be disclosed subject to the protective order that has been entered in this case. Even though Defendant did not claim that complying with RFP 21 would cause it an undue burden, nor did it demonstrate that an undue burden would in fact result, the Court finds that disclosing the full

---

[2] The Court is constrained to observe that its finding that Plaintiffs have carried their burden *at this juncture* to demonstrate that the disputed discovery is relevant in no way affects Defendant's ability to contest its relevance either at the class certification stage or at trial. As the Court commented during the hearing, this Court's decision on this motion simply permits Plaintiffs to have the evidence and information necessary for them to move to certify the class and/or to offer for admission at trial. Whether the presiding judge admits any such evidence under the standards of relevance that will govern those decisions is a significantly different question.

investigative files would not add unreasonably to Defendant's overall discovery burden.

6. Under Federal Rule of Civil Procedure 37(a)(5)(A)(i), Defendant's opposition to the Motion was substantially justified. In addition, the Court observes that Plaintiffs did not request attorneys' fees. In its discretion, the Court will not award attorneys' fees to Plaintiffs.

**IT IS THEREFORE ORDERED:**

1. Plaintiffs' Motion to Compel [ECF No. 93] is **GRANTED**.

2. By no later than **May 25, 2018**, Defendant **SHALL** produce complaints, and their underlying investigation files, made by female employees beginning January 1, 2012, to the present alleging pregnancy discrimination, sexual harassment, gender-based hostile work environment, or retaliation for any of those varieties of gender discrimination.

3. By no later than **May 25, 2018**, Defendant **SHALL** produce complaints, and their underlying investigation files, for claims of retaliation made by female employees beginning January 1, 2012, to the present who had also complained of traditional or classic gender discrimination. Traditional or classic gender discrimination means discrimination on the basis of gender other than pregnancy discrimination, sexual harassment, or gender-based hostile work environment.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE