# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

## Before the Honorable Gregory J. Fouratt
## United States Magistrate Judge

### Clerk's Minutes

### CIV 17-188 JB/GJF

*Kennicott et al v. Sandia Corporation*

**Date of Hearing: 8/30/2018**
*(recorded)*
**Organ Courtroom – U.S. District Courthouse**
**Las Cruces, New Mexico**

| | |
|---|---|
| **Attorneys for Plaintiffs:** | Anne Shaver |
| | Michael Levin-Gesundheit |
| **Attorneys for Defendant Sandia Corporation d/b/a Sandia National Laboratories:** | Krissy Katzenstein |
| | Michael Burkhardt |
| | Scott Gordon |
| | Cindy Lovato-Farmer |
| **Proceedings**: | Discovery Management Conference |
| *Start Time*: | 2:00 p.m. |
| *Stop Time*: | 2:35 p.m. |
| **Total Time:** | **35 minutes** |
| **Clerk**: | MJM |

**Notes**:

- The Court made introductions.
- The Court summarized the docket developments since the last conference, and confirmed that Defendant's outstanding Motion to Dismiss and Motion to Stay will be fully briefed by 9/6/2018.
- The Court asked Ms. Katzenstein whether in her experience it was normal for a party -- without judicial authorization -- to unilaterally withdraw from the discovery process during the pendency of that party's motion to stay discovery.

- Ms. Katzenstein answered that she believed the circumstances of this case were unique and that the amended complaint gave no reason to complete the discovery requests. She explained that Sandia was in the middle of an extensive and very expensive ESI review. Given Sandia's view that the amended complaint foreclosed the certification of a viable class, Sandia felt it was warranted in ceasing class-related discovery until the motion to stay was decided.
- The Court asked Ms. Katzenstein to answer in a narrow sense if it is ordinary for a party to stop discovery when a motion is pending to stop discovery without a judge's ruling.
- Ms. Katzenstein replied that unilaterally withdrawing from discovery requests is not altogether unusual.
- The Court cautioned all counsel that any party that unilaterally withdraws from the discovery process mandated by the Federal Rules of Civil Procedure and/or the local rules *without* judicial authorization risks a finding that it is not in good faith compliance with those rules.
- The Court advised that it would be deciding the motion to stay and asked whether either party desired oral argument on the motion; the parties responded in the negative.
- In light of Judge Browning's decision earlier in the day to deny Sandia's Objections to the Court's ruling on the motion to ompel, the Court asked Sandia when compliance with that order will occur. The Court stated 5/25/18 was the original date to comply, so discovery should have been ready.
- Ms. Katzensten replied they read the decision to allow two weeks to comply. On behalf of Plaintiffs, Ms. Shaver indicated they could wait that long.
- The Court inquired into each of the categories listed in the parties' joint status report. The Court asked Ms. Katzenstein about why Sandia hadn't yet disclosed the two sets of documents given Sandia's indication that disclosure was ready as of 7/27/18. The Court noted Sandia was going to produce the documents but decided not to until the pending motion was resolved.
- Ms. Katzenstein responded that Sandia believed including them with the first ESI production would be more efficient, but production hadn't occurred because of the pending motion to stay.
- The Court asked Ms. Katzenstein if, in addition to unilaterally ceasing disclosure to Plaintiffs pending the motion to stay, Sandia also had shut down the behind-the-scenes work necessary to resume disclosure if it is ordered. Ms. Katzenstein responded that, although Sandia was waiting for a ruling on the motion to stay, it would be well-positioned to comply with disclosure afterward.
- The Court expressed that Sandia does not appear to be all that responsive to Plaintiffs' discovery inquiries and meet-and-confer requests. The Court encouraged Sandia to be more responsive, noting that one side ignoring the other party does not appear to be consistent with either the federal or local rules. Ms. Katzenstein replied she didn't believe that was a fair characterization. She believed Sandia had engaged fairly extensively in

discovery. The Court responded by discussing the recent Joint Status Report and the assertions by Plaintiffs that Sandia has continued to fail to respond. The Court then encouraged Sandia to augment the record if something was left out because the record showed Sandia failing to respond to Plaintiffs.

- The Court asked Ms. Shaver about the employee surveys and informed her that it believed there was currently no live dispute.
- Ms. Shaver responded they have what they need - in part. Ms. Shaver wanted information on whether the questions allowed free form text responses or additional comment fields. Ms. Shaver further elaborated that when Sandia notified her which questions had free form response capability, those questions had not been part of the survey questions originally provided.
- The Court notified the parties that they can meet and confer to handle the dispute.
- The Court then asked about the 2018 policy documents and told Ms. Shaver that, given Sandia's expression that the parties have reached impasse on the issue, the Plaintiffs will have to litigate that issue as necessary. Ms. Shaver replied the Plaintiffs will tee up a motion. The Court notified Ms. Shaver that Sandia considers the issue to be part of class discovery and therefor part of the dispute to be resolved in the motion to stay. The Court asked Ms. Katzenstein if that was the correct understanding of their position. Ms. Katzenstein agreed with the Court's assessment.
- The Court notified the parties that to the extent they can resume discovery outside the judicial stay, it would be the most prudent approach without risking a bad faith finding.
- The Court then discussed the disputes over data and ESI, and opined that Sandia considers those categories to be part of the class discovery at issue in the motion to stay.
- Ms. Shaver asked the Court for guidance on whether to await a decision on the motion to stay or pursue another mechanism for relief. Given that the motion will be fully briefed in one week and the Court intends to decide it soon thereafter, the Court explained that it might be easiest for Plaintiffs to await that decision. The Court recognized that the party losing that motion could object to it but that eventuality would be outside the Court's hands.
- The Court inquired about the schedule of the case and if there was anything that could be done in the interim from a scheduling perspective to help the parties.
- Ms. Shaver responded that Plaintiff would like to have relief from the current class certification briefing deadline. Ms. Shaver believed both parties would agree. Ms. Shaver stated her concern stemmed from Sandia's unilateral decision to stop discovery.
- The Court notified Ms. Katzenstein that the operative scheduling order (ECF No. 105) established Plaintiffs' certification motion deadline for 11/14/18, with Sandia's opposition and Plaintiffs' reply deadlines set for 1/28/19 and 3/19/18, respectively. The Court asked if it would be a disciplined decision to vacate the deadlines and reset them after the Motion to Stay and Motion to Dismiss were decided. The Court then wondered whether it would be necessary for the Motion to Dismiss to be decided before new

certification deadlines could be set. Ms. Shaver replied that she believed both motions needed to be addressed before new deadlines were set. Ms. Shaver continued with a discussion on ESI, depositions, and privilege logs. Ms. Shaver also anticipated disputes between parties regarding internal audits and privilege which would result in more motion practice.
- The Court noted that the current schedule was premised on a discovery schedule much of which had not yet been accomplished. The Court asked the parties to agree to a revised discovery and briefing schedule. In the event they cannot come to an agreement, the parties should submit individual competing proposals.
- The Court asked how much time would be needed to accomplish that task and proposed 9/7/18 as a due date. Ms. Shaver proposed seven days after the motion to stay is decided. The Court stated whatever party comes out short on the motion to stay can appeal to Judge Browning, which necessarily imperils whatever revised schedule is established. Ms. Shaver proposed a new deadline of one week after a *final* decision on the motion, whether or not it is appealed. For her part, Ms. Katzenstien suggested a more accelerated timeline, with the deadline occurring after this Court's initial decision on the motion to stay.
- The Court **VACATED** the deadlines contained in ECF. No. 105 and **ORDERED** that the parties shall present a joint proposed revised schedule or competing proposals not later than **one week** after the Court's initial decision on the motion to stay.
- The Court **ORDERED** the next Discovery Management Conference to be held on **10/30/18 at 2:00 p.m. MDT.** The Court informed the parties this setting would be contingent on Judge Browning continuing to refer to this Court the discovery and case management responsibilities.
- The Court asked both parties if any other business remained. Ms. Shaver asked the Court to clarify if Judge Fouratt was also deciding the Motion to Dismiss as well as the Motion to Stay. The Court informed Ms. Shaver that Judge Browning was ruling on the Motion to Dismiss. Ms. Katzenstein responded the Defendant had no further business.

*The Court adjourned.*