LISA A. KENNICOTT, LISA A.
GARCIA, SUE C. PHELPS, and
JUDI DOOLITTLE, on behalf
of themselves and a class of those similarly
situated,

        Plaintiffs,

v.                                                                                    Civ. No. 17-188 JB/GJF

SANDIA CORPORATION d/b/a SANDIA
NATIONAL LABORATORIES,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY

This matter is before the Court on Defendant Sandia Corporation's ("Sandia's") "Motion to Stay Discovery Pending Ruling on Defendant's Motion to Dismiss Class Claims" ("Motion to Stay") [ECF No. 156]. The Motion to Stay is fully briefed. *See* ECF Nos. 158 (Plaintiffs' Response) and 166 (Sandia's Reply).[1] Because Sandia has not met its difficult burden of justifying the suspension of the discovery process that has been ongoing for more than a year, the Court will **DENY** the motion and require that discovery proceed as ordered.

**I.    SUMMARY OF PARTIES' ARGUMENTS**

In its Motion to Stay, Sandia asserts that the temporary stay it requests will advance three principal purposes: (1) promoting judicial economy, (2) minimizing potentially unnecessary litigation costs, and (3) increasing the possibility of settlement. Def.'s Mot. to Stay 1, ECF No. 156. Sandia contends that a temporary stay pending a decision on its "Motion to Dismiss

---

[1] In a discovery management conference on August 30, 2018, the Court inquired whether the parties desired oral argument on the Motion to Stay. *See* Clerk's Mins. 2, ECF No. 161 (Aug. 30, 2018) (Discovery Management Conference). Both parties declined. *See id.*

1

Plaintiffs' Class Claims" ("Motion to Dismiss") [ECF No. 155] is justified because Plaintiffs' Amended Complaint "abandons Plaintiffs' original class claims and fails to plausibly assert any new claims that can satisfy the requirements for proceeding as a class action." *Id.* at 3. Sandia also argues that the amount of documentary and digital discovery it already has produced will ensure that Plaintiffs are not prejudiced by the granting of the stay. *Id.* at 5. In sum, Sandia posits that granting a temporary stay for the purposes it has identified will "further the 'just, speedy and inexpensive determination' of this matter in accordance with Federal Rule of Civil Procedure 1." *Id.* at 4.

Plaintiffs object to the stay for several reasons. First, they predict that Sandia is not likely to prevail on its Motion to Dismiss. Pls.' Resp. to Mot. to Stay ("Pls.' Resp.") 1, ECF No. 158. They also assert that Sandia's Motion to Dismiss does not seek dismissal of Plaintiffs' disparate treatment class claim, but only the disparate impact class claim, a circumstance that will require class discovery to proceed irrespective of the decision on the Motion to Dismiss. *Id.* Plaintiffs next contend that Sandia has not claimed nor demonstrated any undue burden associated with ongoing class discovery. *Id.* Rather, according to Plaintiffs, the requested stay is merely the latest salvo in Sandia's long-running campaign of delaying disclosure. *Id.* Finally and overall, Plaintiffs contend that the requested stay will actually frustrate the three purposes proffered by Sandia as reasons for granting the stay. *Id., passim.*

In reply, Sandia argues that Plaintiffs are misconstruing its Motion to Dismiss, insisting that its motion seeks dismissal of *all* class claims in the Amended Complaint. Def.'s Reply to Pls.' Resp. to Def.'s Mot. to Stay 2 ("Def.'s Reply"), ECF No. 166. In addition, Sandia repeats that Plaintiffs' Amended Complaint jettisoned the principal legal theory on which this putative class action was originally based. *Id.* at 4. This turn of events, according to Sandia, warrants a

temporary stay of discovery until the Court can decide whether Plaintiffs' change in legal theory is fatal to their class claims. *Id.*

## II. LEGAL STANDARD FOR PROTECTIVE ORDERS

The parties do not quarrel with the axiom that federal trial courts have broad discretion to regulate discovery. *See, e.g., Morales v. E.D. Etnyre & Co.,* 229 F.R.D. 661, 662 (D.N.M. 2005) (Browning, J.). Rule 26(c) of the Federal Rules of Civil Procedure provides that, upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which may include forbidding or suspending disclosure or discovery. FED. R. CIV. P. 26(c)(1)(A). *Accord Miller v. Regents of the Univ. of Colo.,* No. 98-1012, 1999 WL 506520, at *12 (10th Cir. July 19, 1999) (unpublished table decision) (reasoning that "[t]he district court is in the best position to weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties").

"It is the party seeking the protective order who has the burden to show good cause for a protective order." *Velasquez v. Frontier Med. Inc.,* 229 F.R.D. 197, 200 (D.N.M. 2005) (Browning, J.); *accord Anderson Living Tr. v. WPX Energy Prod., LLC*, No. CIV 12-0040 JB/KBM, 2013 WL 5934394, at *3 (D.N.M. Oct. 17, 2013) (unpublished) (Browning, J.). The party seeking the protective order must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16 (internal quotation marks omitted).

## III. LEGAL STANDARD FOR STAYS OF DISCOVERY

A court has broad discretion in managing its docket, which includes staying all or

portions of a civil case. *Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1084 (D.N.M. 2016) (Browning, J.) (citing *Clinton v. Jones,* 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis,* 299 U.S. at 254–55. Whether to stay discovery depends to a substantial degree on the facts and procedural progress of each individual case. *Anderson*, 2013 WL 5934394 at *5; *Swepi, LP v. Mora County*, No. CIV 14-0035 JB/SCY, 2014 WL 7474084 at *16 (D.N.M. Dec. 19, 2014) (Browning, J.).

The party seeking a stay faces a "difficult burden." *Pueblo of Pojoaque*, 214 F. Supp. 3d at 1084 (citing *Clinton v. Jones,* 520 U.S. at 708 ("The proponent of a stay bears the burden of establishing its need.")). "In particular, where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983). "The underlying principle clearly is that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.'" *Id.* (quoting *Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir. 1971)).

The Tenth Circuit has acknowledged a district court's discretion in issuing discovery stays. In *Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373 (10th Cir. 1994), the defendants argued "that they had an absolute right to a stay of discovery" after they filed a motion for qualified immunity, and appealed to the Tenth Circuit because the district court imposed conditions on the stay. *Id.* at 1386. The Tenth Circuit rebuffed the strict rules that the defendants suggested:

4

> As a general rule, discovery rulings are within the broad discretion of the trial court. The trial court's decision on discovery matters will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.

*Id.*

## IV. ANALYSIS

For the following reasons, the Court in its discretion will deny the stay.[2] The Court recognizes that the parties vigorously dispute the merits of Sandia's Motion to Dismiss, even including whether that motion takes aim at *all* or only some of the class claims in the Amended Complaint. The merits of these disputes are squarely before Judge Browning in the pending Motion to Dismiss. *See* Def.'s Mot. to Dismiss, ECF No. 155, Pls.' Resp. in Opp. to Def.'s Mot. to Dismiss, ECF No. 157, and Def.'s Reply to Pls.' Resp. in Opp. to Mot. to Dismiss, ECF No. 165. It is enough to observe that there appears to be merit in each party's position on these issues. Certainly, if Judge Browning were to agree with Plaintiffs that Sandia's motion stopped short of requesting dismissal of all class claims – or on the larger issue of whether the Amended Complaint adequately states class claims – there would be no need at all to stay class discovery and doing so would work even further delay in a discovery process that has at times been sluggish. On the other hand, if Sandia's argument carries the day and all of the class claims are dismissed, then any class-specific discovery accomplished in the meantime may have been for naught. Regardless, it would be presumptuous for this Court to attempt to forecast how Judge Browning will decide these legal issues and then grant or deny the stay based on its hunch. The

---

[2] As an initial matter, the Court found none of the cases cited by the parties to be especially persuasive in resolving this motion. That observation should not be taken as criticism of the parties, but rather as a recognition of the notion that protective orders in discovery turn on the peculiar facts and circumstances of each case. Although illuminating for their application of the general rules associated with deciding whether to grant a stay, each of the cases cited by the parties had facts and procedural postures significantly different from this case. Given the substantial asymmetry between those cases and this one, the Court is left to apply its wide discretion regarding stays of discovery to the facts and procedural posture of *this* case.

better course for this Court is to maintain the status quo and leave the discovery process untouched.

The Court is also not convinced that the three principal purposes that Sandia has identified will in fact be served by granting the requested stay. In terms of promoting judicial economy, the Court is not concerned that its resources will be unnecessarily expended in refereeing any class discovery disputes that arise in the interim before Judge Browning rules on the Motion to Dismiss. Currently, there are no pending motions to compel even though the parties have now re-engaged in discovery. *See* Def.'s Reply 5 n.1. Even if such a motion was filed and fully briefed in the interim, the judicial resources required to resolve it would not be so substantial as to actually disserve judicial economy. The same is true for the periodic discovery management conferences this Court holds in this case. To the contrary, the Court believes that judicial economy would better be served by having the parties persist in discovery with the ultimate goal of ending this case sooner rather than later.

As for reducing the litigation expense of what Sandia predicts will be unnecessary discovery, Sandia's argument is sound only as far as it goes. It is true enough that money spent on a task that later may turn out not to have been necessary is money that cannot be recouped. But in the Court's view, the marginal savings associated with temporarily staying the completion of class discovery tasks, some of which Sandia has represented are at or near completion, are insufficient to justify such a stay. *See, e.g.,* Joint Discovery Status Report #13, ECF No. 154 (Sandia "completing its review of ESI relating to 25 custodians, which includes tens of thousands of documents, and anticipates making an initial production in early-to-mid August" pending its requested stay of discovery). Without belaboring the point, the Court believes that the balance between advancing a case – that soon enough will begin its third year – toward its

ultimate conclusion versus saving a well-resourced and robustly-defended corporate litigant a small amount of litigation expense comes down decidedly in favor of the former. This is especially true given the absence of any demonstrable showing by Sandia that continuing to engage in class discovery will saddle it with an "undue" burden.

With respect to the requested stay enhancing the prospects of settlement, the Court will accept at face value Plaintiffs' position that a stay will leave them *without* sufficient information on which to make reasonably informed settlement decisions. *See* Pls.' Resp. 4 n.2. Plaintiffs' position is understandable, given the enormous differences in value (and exposure) embodied in the class claims compared to the individual claims. The Court will also note that Sandia's suggestion that granting a stay "may prompt meaningful settlement discussions," Def.'s Mot. 5, does not rest comfortably alongside its assertion that settling this case is unlikely until after the presiding judge has decided whether to certify a class. *See* Clerk's Mins. 5, ECF No. 144 (Jun. 28, 2018) (Discovery Status Conference) (Sandia "would not be willing to discuss a class settlement without there first being an order certifying a class"); *see also* Clerk's Mins. 6, ECF No. 111 (May 2, 2018) (Hearing on Motion to Compel).

In the final analysis, as the proponent of the stay, Sandia bore the "difficult burden" of convincing this Court that the extraordinary measure of staying discovery – particularly in a case in which discovery has been ongoing (and contentious) for well more than a year – is appropriate. For the foregoing reasons, the Court concludes that Sandia has not satisfied its burden.

Accordingly, **IT IS ORDERED** that the Motion to Stay Discovery Pending Ruling on Sandia's Motion to Dismiss Class Claims [ECF No. 156] is **DENIED**.

**IT IS FURTHER ORDERED** that, in accordance with the Interim Discovery Order [ECF No. 162], the parties shall submit a joint proposed revised schedule or competing proposed revised schedules not later than **seven days** from the date on which this Order is filed.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE