**Lieff
Cabraser
Heimann &
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

December 6, 2018

Anne B. Shaver
Partner
ashaver@lchb.com

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Gregory J. Fouratt
United States District Court for the District of New Mexico
100 North Church Street, Suite 550
Las Cruces, New Mexico  88001
FourattChambers@nmcourt.fed.us

RE:   *Kennicott v. Sandia Corporation*, No. CIV17-0188 JB/GLF

Your Honor:

Upon the suggestion of the District Court,[1] Plaintiffs' respectfully request a teleconference before Your Honor to address two outstanding discovery disputes on an expedited basis and without formal briefing.  Plaintiffs make this request because the issues are relatively straightforward, and without speedy resolution of these matters, neither Plaintiffs nor Sandia will be able to meet their obligations under the District Court's recently entered class certification discovery and briefing schedule.  *See* ECF No. 190.  Specifically, under the District Court's Order, Sandia must "complete[] production of ESI, including [a] final privilege log" by January 15, 2019, and Plaintiffs' class certification motion and expert reports are due on March 25, 2019.  *Id.* at 66.

Below Plaintiffs outline the two discovery disputes Plaintiffs respectfully request that the Court resolve.

***Discovery on Current Policies and Practices***

Sandia has refused to produce discovery on its current policies and practices.  Because this lawsuit challenges Sandia's ongoing practices, Plaintiffs are entitled to discovery through the discovery cutoff date as ordered by the District Court: March 11, 2019.  ECF No. 190, at 66.  Sandia refuses to produce any discovery beyond April 2017.

Sandia's refusal to update core discovery is prejudicial to Plaintiffs.  As background, on May 1, 2017, management of Sandia National Laboratories was transferred from Sandia Corporation, a subsidiary of Lockheed Martin Corporation, to National Technology and

---

[1] The parties were informed that the District Court is unavailable for a teleconference until early February 2019 in light of trial obligations, and that we could bring discovery disputes back to Your Honor.

Hon. Gregory J. Fouratt
December 6, 2018
Page 2

Engineering Solutions of Sandia ("NTESS"), LLC, a subsidiary of Honeywell International, Inc. *See* Corporate Disclosure Statement, ECF No. 16 at 1-2 ("[E]ffective May 1, 2017 Sandia Corporation will become a wholly owned subsidiary of Honeywell International, Inc. . . . ."). There is no dispute that the management contract between the federal government and NTESS makes clear that NTESS has "assume[d] all existing . . . obligations" of Sandia Corporation, including liability as to "[o]ngoing litigation and claims by or against the predecessor contractors." Federal Contract No. DE-NA0003525, § H-1(a), at 30.

In both the Complaint filed on February 7, 2017 and the Amended Complaint filed on July 5, 2018, Plaintiffs alleged *ongoing* violations of Title VII, irrespective of Sandia's corporate governance. Plaintiffs did not in any way limit their allegations to conduct occurring only through April 30, 2017. In the original Complaint, Plaintiffs specifically alleged that Sandia engages in a "*continuing* policy, pattern, and practice of sex discrimination." Class Action Compl. ¶ 1, ECF No. 1. Plaintiffs also sought "injunctive relief to end Sandia's common, uniform, unfair, and discriminatory policies and practices"—that is, injunctive relief is sought to remedy *current* violations. *Id.* ¶ 48.

Plaintiffs' July 5, 2018 Amended Complaint makes the same allegations referenced above, while also including additional, specific allegations in the *present tense* regarding *current* practices. *See, e.g.*, First Am. Class Action Compl. ¶ 32 ("[A]t the time of hire, Sandia *pays* women less than men who are hired into the same job title and job level with similar or less relevant experience and education."), ¶ 38 ("Employees *cannot apply* for a level promotion."); ¶ 39 ("Sandia *allows* its hiring managers to pre-select employees for [] positions based on uniform criteria before the job is ever posted, with men overwhelmingly selected or the most important and prestigious project."), ECF No. 146 (emphasis added). Plaintiffs also added named Plaintiff Judi Doolittle, a current employee who alleges *ongoing* and *current* gender discrimination. *See id. at* ¶¶ 74-84; EEOC Charge of Judi Doolittle ¶ 3, Ex. B to First Am. Class Action Compl., ECF No. 146-2 ("Sandia *maintains* an 'old boys' club' culture where woman are disparaged, excluded, and treated less favorably than men.") (emphasis added).

Plaintiffs have objected to Sandia's position on many occasions during the meet and confer process, but Sandia has merely insisted that the updated discovery is not "relevant," despite Plaintiffs' allegations of Title VII violations committed both before and after the transfer of management in May 2017. Plaintiffs further submit that Sandia's position violates the Court's January 25, 2018 Order that it "complete[] production of policy documents" by January 31, 2018.[2]  Order Extending Case Schedule, ECF No. 80, at 2.

---

[2] Despite the fact that this dispute has been ongoing for some time, the parties agreed to defer bringing it to the Court's attention until they had completed their meet and confer on ESI custodians, because it seemed likely that the parties would have a related dispute as to whether Honeywell-era (NTESS) Associate Lab Directors in relevant roles should be document custodians. *See* ECF 171, at 3 n.1. The parties resolved that dispute on December 5, 2018. The Parties have agreed that, should Plaintiffs prevail in seeking May 2017 onward discovery, then with respect to ESI for this later time period, there will only be one *additional* Associate Lab Director custodian (ALD for Human Resources). ESI should also be

Hon. Gregory J. Fouratt
December 6, 2018
Page 3

Plaintiffs respectfully request that the Court order Sandia to update its production of policy documents, internal complaints, employee data, and ESI from May 2017 through December 2018. Should Sandia need to review additional ESI from agreed-upon custodians who remained in their roles after the transition of management in May 2017,[3] it should do so at once to ensure that its January 15, 2019 production of ESI is complete, as per the District Court's Order. ECF No. 190, at 66.

### **Missing Employee Compensation Data**

On May 19, 2017, Plaintiffs served their First Set of Requests for Production of Documents, including Request No. 5, which sought, *inter alia*, data regarding "prior job history . . . outside of Sandia" and any "other information fields compiled . . . to the extent used for . . . compensation." ECF No. 94-1, at 8. Sandia responded that it "w[ould] produce data from Sandia's . . . human resources database reflecting the gender and the employment and ***compensation histories***" of employees." Sandia's Objections and Resps., at 8, ECF No. 100-1 (emphasis added). When discovery made clear that Sandia maintains—but has withheld—data recording employees' prior compensation at other employers, Plaintiffs raised concerns about the missing data in correspondence on October 2, 3, and 23, 2018. In correspondence, Plaintiffs explained that documents in the discovery record indicate that Sandia *compiles* prior compensation specifically for the purpose of setting compensation at hire. However, Sandia informed Plaintiffs for the first time on November 30, 2018, that, in its view, Plaintiffs have not properly requested this information through any discovery request. Plaintiffs disagree.[4]

Prior compensation *is* an essential component of the "compensation histories" Sandia has already agreed to produce. ECF No. 100-1. This information is "relevant to [Plaintiffs' claim]," set forth specifically in the Amended Complaint, that Sandia's policy with respect to compensation setting at hire has a disparate impact on women. Fed. R. Civ. P. 26(b)(1); *see also* First Am. Class Action Compl. ¶ 36 ("[I]n practice, Sandia assigned women lower salary at hire, placing them in a lower level compared to men with similar prior work experience and education."). *See also* October 17, 2018 Hr'g Tr. at 19: 11-20 ("And what we're seeing now in discovery, and we think is that it is the reliance on prior pay as a criteria in setting starting salary that is driving the pay disparity."). Therefore, production of prior pay data is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

---

*Footnote continued from previous page*
collected from already agreed-upon non-Lab Director custodians who remained in role after the transfer of management in May 2017.
[3] For example, if compensation analyst or HR business partner custodians remained in role after the May 2017 management transition, their ESI should be collected and reviewed for the later time period.
[4] To avoid any argument that Plaintiffs must serve a stand-alone request, Plaintiffs served an additional discovery request on December 3, 2018. Nevertheless, Plaintiffs maintain that this additional discovery request is unneeded, and Sandia should produce the data in short order so that Plaintiffs, who bear the burden on class certification, may conduct expert analysis.

Hon. Gregory J. Fouratt
December 6, 2018
Page 4

After Plaintiffs receive such data, time will be required for expert statistical analysis and potentially follow-up discovery, including depositions of fact witnesses involved in Sandia's hiring and compensation setting processes. The upcoming March 11, 2019 close of pre-class certification discovery and March 25, 2019 deadline for Plaintiffs to file their class certification motion and expert reports are fast approaching. Therefore, Plaintiffs respectfully request that the Court order Sandia to produce prior pay data within one week from the date of a teleconference with the Court.

* * *

Plaintiffs appreciate the opportunity to address these discovery disputes in an expedited fashion and look forward to discussing these issues with Your Honor and counsel for Sandia.

Respectfully submitted,

Anne B. Shaver

cc: Counsel for Defendant

1671752.4