May 13, 2019

The Honorable James O. Browning
United States District Court
Pete V. Domenici United States Courthouse
333 Lomas Blvd NW, Suite 660
Albuquerque, NM 87102

Re: Kennicott et al v Sandia
Case # 1:17-cv-00188-JB-GJF

Dear Judge Browning,

There have been three aspects of this case which I have not understood and have sought a second legal opinion so that I could make informed decisions about the case.

First, I and the other named plaintiffs, agreed to a settlement negotiated by Lieff Cabraser with Sandia on 3/9/2019. Once we signed and returned the agreement to our attorneys, we were informed that Sandia no longer intended to go forward with this negotiated agreement because I had objected to a previous version of the agreement. This confused us, and I was unsure what it meant to renegotiate if a new agreement might also change.

Second, I was then informed by Anne Shaver by email on 3/25/2019 that I could be held responsible for statutory costs in the case although I had been told in 2016 I would not be. If I agreed to dismiss my claims or agreed to a new settlement which I considered unethical, then Ms. Shaver would include in the settlement wording that each side would bear its own costs. I did not understand the magnitude of the costs I could incur and wanted information about this before making a decision.

Third, I was also informed by my counsel by email on 3/25/2019 that since I did not intend to go forward with my individual claims, I would "effectively" have my individual claims against Sandia dismissed unless I retained new counsel. This was confusing to me since I had not communicated such an intention to Ms. Shaver.

I felt pressured to make a decision to dismiss my class claims without the benefit of understanding the above three concerns. I informed Ms. Shaver that I was ill, unable to speak, out of town, unable to read the attachments she sent, and that I didn't feel I could make a good legal decision at that moment.

Over the past several months I have felt strong pressure to accept agreements that I feel are unethical in that they gave much more benefit to the named plaintiffs than they did to the class of women we sought to represent. Ms. Shaver told me my options were to either accept the agreement or dismiss my class claims with prejudice so my co-plaintiffs could "recover". Due to the pressure I felt from my attorneys and the unknown magnitude of costs I might incur, I decided the least risky course of action for me was to dismiss my class claims.

Since that time, I have sought a second opinion to better understand what options, if any, I may have in terms of my individual claim and whether I might still be at risk for unspecified costs. There are terms in the agreement with Lieff Cabraser that I signed in 2017 that come in to play if they do not represent me on my individual case, and I do not understand them. I made an attempt to puzzle this out by googling the terms, but I felt I really needed a second opinion. However, unfortunately, the attorney I contacted did not have the availability he originally thought he would have to address my question and after waiting for several weeks, I have begun to seek a different attorney with more immediate availability.

I would like to state that I do intend to go forward with my individual claim and with representation (not "pro se") if the terms of our 2017 agreement are favorable to my doing so. My previous objection to Lieff Cabraser dismissing me as a client was that I did not understand the consequence of the advice they were giving me and wanted a second opinion before making a decision. As mentioned above, this has taken much longer than I anticipated. At this point, I feel I have been forced off the class claim and there is much about my individual claim I don't understand.

Therefore, given the pressure I felt from Lieff Cabraser to act when I did not always understand what I was agreeing to, I no longer object to them dismissing me as a client.

I apologize to the court that I have not been able to gain the second opinion that I sought in the timeframe that I anticipated I could complete this. I do not seek to delay the court and am sorry for any inconvenience this has caused.

Sincerely,

Lisa Kennicott

PO Box 1285
Tijeras, NM